## AUGUSTA RAILWAY & ELECTRIC COMPANY v. WEEKLY.

1. In a suit to recover damages for personal injuries alleged to have been sustained by reason of negligence on the part of the defendant, the plaintiff must recover, if at all, upon proof establishing the specific acts of negligence alleged in his petition.
2. Even in a case to which the doctrine of res ipsa loquitur is applicable, it is erroneous for the court to charge the jury that a given state of facts either constitutes, or affords prima facie proof of, negligence, when there is no statute expressly declaring that this is true as matter of law.
3. The charge of the court being in certain respects inaccurate and prejudicial to the excepting party, a new trial is ordered.

Argued October 11,—Decided November 20, 1905.

Action for damages. Before Judge Eve. City court of Richmond county. August 31, 1905.

*William H. Barrett* and *Boykin Wright,* for plaintiff in error.
*C. Henry Cohen* and *Bryson Crane,* contra.

EVANS, J. The plaintiff below, Joseph Weekly, brought an action for damages against the Augusta Railway and Electric Company, alleging that he had received serious injuries by coming into contact with a "live" wire belonging to the defendant company, which was lying across a public thoroughfare in the city of Augusta. The trial resulted in a verdict in favor of the plaintiff, and we are called on to determine whether or not the company's motion for a new trial should have been granted.

1. Our attention is called, in the first place, to the fact that the investigation of the case was not confined to the issues raised by the pleadings. The plaintiff alleged in his petition, that the breaking of the wire and the falling thereof to the ground were due to the negligence of the company in its maintenance of the wire; that "the falling of said wire to the ground, as aforesaid, was due to the negligence of the said defendant in creating negligently, and maintaining, a dangerous condition that made the injury to petitioner possible." No complaint was made that the company did not exercise due diligence in discovering that the wire had fallen, or that the company was negligent in not promptly cutting off the deadly current with which it was charged, or that the company had failed to take proper steps to remove the wire from the street after it fell. The court declined a written request to give to the jury a charge presented in behalf of the company, wherein the specific acts of

negligence upon which the plaintiff relied for a recovery were correctly stated and attention directed to the fact that a negligent failure to cut off the current was not alleged, and in which the proposition was laid down that no acts of negligence other than those alleged in the petition could be proved or considered by the jury. The court did, in general terms, instruct the jury that if they should find "the defendant was guilty of the acts of negligence set out in the declaration," and injury to the plaintiff resulted therefrom while he was in the exercise of ordinary care and diligence, he would be entitled to recover. But nowhere in the charge did the court undertake to inform the jury what were "the acts of negligence set out in the declaration," and, in charging the jury as to what would constitute due diligence on the part of the company, instructed them as to the duty resting on the company not to permit a wire, after it had fallen, to remain in a dangerous condition for an unreasonable length of time. Indeed, throughout the entire charge the court made the liability of the company depend, not alone upon the question whether or not it had exercised all ordinary and reasonable care in "constructing, maintaining, and inspecting its wires," but upon the further inquiry whether or not it had, "after the fall, exercised such care in repairing same."

2. A charge of which the plaintiff in error makes special complaint was in the following language: "If the jury believe that a horse attached to a brewery wagon stepped on a wire belonging to the Augusta Railway and Electric Company and fell to the ground in a dying condition, and the driver was thrown to the ground, receiving a shock and burn, it would be prima facie proof of defective insulation and negligence." Unless the commission of a particular act or an omission to do a particular thing be declared by law to constitute negligence, it is error for a judge to instruct the jury that such act or omission amounts to negligence; he can not invade the province of the jury by declaring that a given state of facts raises a presumption of negligence, when this is not true as matter of law. *Central Ry. Co.* v. *McKenney*, 116 *Ga.* 13, 17, and cit. It must now be accepted as the settled law of this State that "On the trial of a suit for damages alleged to have been occasioned by the negligence of the defendant, it is always error requiring the grant of a new trial for the court to charge the jury that given acts constitute negligence, when such acts are not declared

by statute to be negligent." *Augusta Ry. Co.* v. *Smith,* 121 *Ga.* 29. And it has been held that even when the plaintiff's petition is good as against a general demurrer, it is erroneous for the judge to charge the jury that "if the defendant's failure to do its duty 'was in accordance with the allegations of the plaintiff's petition, then that would be negligence, as he charges in this case.'" *City of Rome* v. *Sudduth,* 121 *Ga.* 420; *Atlanta R. Co.* v. *Hudson,* 123 *Ga.* 108. It is urged by counsel for the defendant in error that in the present case the judge merely undertook to instruct the jury as to the doctrine of res ipsa loquitur, which was, under the decision in *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106, unquestionably applicable to the facts of this case. A complete reply to this suggestion is to be found in the opinion delivered in that case by Mr. Justice Cobb, when it was again before this court (119 *Ga.* 837), who said: "Under our system, where every question of negligence is left for determination by the jury, even in cases where the maxim under consideration [res ipsa loquitur] is applicable, the judge should not charge the jury that there would be an inference of negligence from a given state of facts, but should instruct them in clear and unequivocal terms that negligence must be proved, and it is for them to consider whether the manner of the occurrence and the attendant circumstances are of such a character that they would, in their judgment and discretion, be authorized to draw an inference that the occurrence could not have taken place if due diligence on the part of the master had been exercised." (See page 843, and note the discussion which precedes and follows the above quotation.) This was not a case, as the court below recognized, where any presumption of negligence arose upon proof of the injury, under the provisions of the Civil Code, §2321; but the plaintiff was bound to assume the burden of establishing by sufficient evidence the acts of negligence alleged in his petition.

3. In certain particulars other than those above mentioned the charge of the court was open to criticism, as pointed out in the motion for a new trial. After charging as requested touching the diligence to be expected of the company relatively to a traveler on a public street, his honor added that if the company failed to exercise ordinary care and diligence under the circumstances, and injury resulted, it "would be liable." He should, of course, have qualified this statement by informing the jury that this would be true only

in the event the plaintiff was not chargeable with negligence which was the cause of his injury, and could not by the exercise of ordinary care have avoided the consequences of defendant's negligence, if it was the proximate cause of the injury. While charging upon this phase of the case, the court further instructed the jury, in effect, that when an electric railway company has used ordinary care and diligence, such as a prudent man would use, "in the erection and maintenance of wires containing electricity of this degree, and, without fault, injury occurs, there would be no liability." The complaint made of this instruction is that the use of the words "without fault," in the connection in which they were employed, subjected the defendant to a higher degree of diligence than that imposed by law. The charge of the court was, in other respects than those above pointed out, free from any serious verbal inaccuracies, and sufficiently covered the law bearing on the case. Certain requests to charge with respect to the duty devolving upon the company to exercise ordinary diligence to prevent injury to the plaintiff were refused; but as they embraced instructions as to the obligation resting on the company to ascertain the fact that one of its wires had fallen and to remove the incident danger within a reasonable time, these requests were not pertinent to any issue raised by the pleadings, and the company can not justly complain that they were not given in charge. As already stated, the investigation should have been confined to a consideration of the question, whether or not the falling of the wire was due to negligence on the part of the company, since it was not charged with any lack of diligence in failing to remove the wire from the street or rendering it harmless before the plaintiff came into contact with it.

*Judgment reversed. All the Justices concur.*