## BURDETTE v. CRAWFORD.

1. A ground of a motion for a new trial, assigning error upon the allowance of an amendment to an answer over the objection of the plaintiff, will not be considered when it does not appear from the ground what was the objection urged at the time that the amendment was offered.

2. The plaintiff must recover upon the cause of action laid in the declaration; and a verdict for the defendant is required when the cause of action thus laid is not proved, although another cause of action in favor of the plaintiff against the defendant may appear from the defendant's testimony.

3. "Grounds of a motion for a new trial which are not verified can not be considered by this court. A ground of such a motion will be held not to be verified (a) when the record is silent on the subject, (b) when the record discloses an affirmative refusal to verify, and (c) when the judge appends to the motion a note which states facts in conflict with any statement in the ground which would be material in the consideration of the errors complained of." *Fletcher* v. *Collins*, 111 *Ga.* 253.

4. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

Submitted March 3,—Decided May 18, 1906.

Action for breach of contract. Before Judge Lumpkin. Fulton superior court. April 3, 1905.

J. P. Burdette brought suit, in 1903, against J. B. Crawford and Nancy Crawford, and alleged: In November, 1896, petitioner and defendants orally agreed that petitioner should buy a certain lot from defendants, for the sum of $150, payable at the end of ten years. Petitioner was to erect a three-room house, and dig a well on the premises, and occupy the same, paying to defendants $16 per year as interest upon the purchase price until said sum was paid. Petitioner borrowed $50 from defendants to be used in the erection of the house. He built the house as agreed, and went into possession of the premises. In October, 1897, petitioner, at the request of defendants, moved into another house, the property of defendants, and the house he formerly occupied was rented, the rent being paid by the agent in charge of it to Crawford, in lieu of any rent from petitioner for the second house. In the spring of 1901, defendants "made it so unpleasant" for petitioner that he and his family were compelled to move away from the second house, and defendants refused to give him possession of the house built by him. The house has been sold by defendants, and petitioner has been damaged in the sum of $300, the value of the house

37

built by him, and interest on the same. By amendment Nancy Crawford, one of the defendants, was stricken. The defendant J. B. Crawford answered, denying all the material allegations of the petition, but admitted that he had sold the property in question. In an amendment to the plea this admission was withdrawn, and an allegation was made that he had never sold the property but still owned it. The trial resulted in a verdict for the defendant. The plaintiff moved for a new trial, and upon the refusal to grant this motion, he excepted.

*R. O. Lovetl, S. D. Johnson,* and *J. O. Gartrell,* for plaintiff.

*Hulsey & Field,* for defendant.

COBB, P. J. (After stating the foregoing facts.) In one ground of the motion for a new trial complaint is made that the court erred in allowing an amendment to the answer of the defendant, "over the plaintiff's objection." It does not appear from the motion what was the objection urged. It is argued in the brief that the amendment was not verified in the manner required by the act of 1897 (Acts 1897, p. 35, Van Epps' Code Supp. §6199.) The objection set up in the brief can not be considered, for the reason that it does not appear from the record that this objection was made at the time the amendment was allowed.

2. Error is assigned upon the refusal of a request to charge as follows: "If you believe the contentions that the contract was that of a renter, and during said tenancy Burdette, with the consent of Crawford, made permanent improvements, Crawford would be liable for the same, if. he consented thereto." This charge was properly refused. The plaintiff's cause of action, as alleged in his petition, was a suit for damages for breach of a contract of sale. The theory of his case negatives the idea that he was a renter. *Morrison* v. *Dickey,* 122 *Ga.* 417.

3. The other grounds of the motion for a new trial are not verified, and can not be considered by this court. The record discloses an affirmative refusal to verify, or notes to the grounds state facts in conflict with the statements in the grounds. See *Fletcher* v. *Collins,* 111 *Ga.* 253.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin, J., disqualified.*