## 8278.   LIVSEY *v.* GEORGIA RAILWAY & ELECTRIC CO.

1. The plaintiff can recover only upon the cause of action laid in his petition; and a verdict for the defendant is required when the cause of action thus laid is not proved, although another cause of action in favor of the plaintiff may appear from the defendant's testimony.
2. In an action for negligence the plaintiff is required to set out his cause of action plainly and distinctly, and he can not recover on account of acts of negligence not alleged in the petition. In such a case it is proper for the trial court so to instruct the jury.
3. Where the jury find that the defendant is not liable at all, a complaint that the court erred in not submitting, but in eliminating, the question as to the plaintiff's permanent injury will not require a new trial.
4. The error in charging, in immediate connection, section 2781 and section 4526 of the Civil Code of 1910, without proper explanation, is in its effect to qualify the former section by the latter, and make the defendant liable if the jury should find both parties negligent, notwithstanding the fact that, if the plaintiff exercised ordinary care, he would not have been hurt. Such a charge, if error at all, is beneficial, rather than hurtful, to the plaintiff in an action for personal injuries.

DECIDED APRIL 5, 1917.

Action for damages; from DeKalb superior court—Judge Smith. January 21, 1916.

*Alonzo Field,* for plaintiff.   *Colquitt & Conyers,* for defendant.

GEORGE, J.  The plaintiff in error brought suit against the Georgia Railway and Electric Company for personal injuries, alleging that he was a passenger on one of the cars of the company, and that when the car reached his place of destination in the City of Decatur it came to a stop, and he undertook to alight from it, and when he was in the act of alighting the car was negligently and violently moved forward, throwing him to the ground and inflicting upon him certain physical injuries.  The defendant contended that the plaintiff alighted from a moving car which had not stopped, but was running between stopping points, and that it was the act of the plaintiff himself which caused his injury. The defendant further contended that the plaintiff was not injured as claimed by him.  There was a verdict for the defendant, and the plaintiff excepts to the order overruling his motion for a new trial.

1, 2.  In the present record the evidence for the plaintiff tended to sustain the allegations of his petition, while the evidence offered by the defendant tended to sustain its contentions.  The judge charged the jury as follows:  "I charge you further that if Mr. Livsey attempted to step off the car while it was moving, then the jury should find for the defendant company, . . because he alleges in his declaration that he undertook to debark from this car after it had stopped, and it was not running at the time, and he says he was thrown off.  Now, if he was injured in any other way than the way alleged by him, then he can not recover in this case.".  He further charged the jury that no verdict in favor of the plaintiff could be returned on account of the failure of the conductor to cause the car to stop, or on account of the failure of the conductor to warn the plaintiff not to attempt to alight from the car while in motion.  The plaintiff by his evidence sought to recover solely upon the theory that he undertook to alight from a standing car, and that the starting of the car with a sudden, violent jerk while he was in the act of alighting caused his injury. To meet this allegation and contention of the plaintiff, the defendant proved that the car was moving between stops and had not come to a stop when the plaintiff voluntarily stepped off the car.  Unless the jury believed that the car came to a stop and started, and threw the plaintiff as alleged in his petition, it is plain that he could not recover.  The only act of negligence al-

leged against the company is that, after having brought its car to a full stop, and while the plaintiff was in the act of alighting, it suddenly and violently caused its car to move forward. The question here involved is not whether the plaintiff could have alleged a cause of action upon the theory that he undertook to leave a slowly moving car and that a sudden or violent jerk of the car caused his fall, nor whether the conductor in charge of the car was negligent in permitting him to attempt to alight from the car while in motion, but the question here is: What were the allegations and contentions of the plaintiff upon which he based his right of recovery?

The court is not required to charge the jury on a wider or broader case than that made by the petition, though the evidence might warrant it were the petition amended. Compare *Doggett* v. *Simms*, 79 *Ga.* 253 (3), 257 (4 S. E. 909). Even if the evidence makes a good case, unless it be substantially the case alleged in the petition, the complainant ought not to recover. Compare *Rakestraw* v. *Brogdon*, 56 *Ga.* 549. It is settled in this State that the plaintiff must recover, if at all, upon the cause of action laid in the petition, and a verdict for the defendant is demanded when the cause of action thus laid is not proved, although another cause of action in favor of the plaintiff against the defendant may appear from the defendant's testimony. *Burdett* v. *Crawford*, 125 *Ga.* 577; *Napier* v. *Strong*, 19 *Ga. App.* 401 (91 S. E. 579, 581), and cases there cited. The evidence for the plaintiff tended to sustain the contention made in his petition. The evidence for the defendant disproved this contention and established the contention of the defendant, to wit, that the plaintiff undertook to alight from a moving car. No amendment was made by the plaintiff during the progress of the trial. The court properly submitted the issue actually involved under the pleadings and the evidence, and these instructions of the court are not erroneous. "If, during the progress of the trial, the plaintiff sees that his evidence does not prove the charge of negligence made in his declaration, it is his right to amend the declaration to meet his evidence, provided he does not allege a new cause of action." *Hill* v. *Callahan*, 82 *Ga.* 109 (8 S. E. 730). If, during the progress of the trial, the plaintiff desires to take advantage of the defendant's negligence disclosed by the defendant's own evidence, then an appropriate

amendment should be offered, specifically charging such negligence. In this case it is unnecessary to invoke the principle of law that the plaintiff's petition and his testimony are to be construed most strongly against him. He plainly and distinctly set forth the act of negligence upon which he relied for a recovery, and the court rightly instructed the jury that he could not recover on account of other negligence, even though such appeared.

3. In the motion for a new trial the point is made that the court erred in not submitting to the jury the question of the plaintiff's permanent injuries. From an inspection of the whole charge of the court it appears that this contention of the plaintiff in error is not well founded. Conceding it to be well founded, there is no merit in this ground of the motion, for the simple reason that the jury found in favor of the defendant and never reached the question of damages at all. If the defendant is not liable at all, the charge eliminating from the consideration of the jury the particular item of damage on account of permanent injury will not require a new trial. The court instructed the jury to return a verdict for the plaintiff for his lost time and for his decreased capacity to labor, as well as for pain and suffering. The issues in the case were clear cut and well defined. The verdict for the defendant can be explained only upon the basis that the jury did not think the defendant liable at all. See *Binder* v. *Georgia Railway & Electric Co.,* 13 *Ga. App.* 381 (2), 384 (79 S. E. 216); *McBride* v. *Georgia Railway & Electric Co.,* 125 *Ga.* 515 (54 S. E. 674); *Edwards* v. *Block,* 73 *Ga.* 450 (3).

4. The contention is made by plaintiff in error that the court charged in immediate connection the substance of section 2781 and section 4426 of the Civil Code of 1910, without proper explanation. If this be error, the error consists in qualifying the former section by the latter, and the only effect of such a charge is to make the defendant liable if the jury should find both the plaintiff and the defendant negligent, notwithstanding the plaintiff failed to exercise ordinary care, or if, in the exercise of ordinary care, he could have avoided injury to himself. The decisions by the Supreme Court are to the effect that a charge confusing the code sections referred to, without proper explanation, is erroneous for the reason indicated. We are unable to see how this charge, if error at all, was hurtful to the plaintiff. It would seem

that it directly benefited him. The verdict is not without evidence to support it, and the trial judge did not err in overruling the motion for new trial.

     *Judgment affirmed. Wade, C. J., and Luke, J., concur.*