24745. PARSONS v. SHINALL et al.

DECIDED NOVEMBER 18, 1935.

*Booth & Brooksher,* for plaintiff.

*Neely, Marshall & Greene, J. M. Neel,* for defendants.

SUTTON, J.   The plaintiff brought suit in the superior court for damages on account of the death of her son caused by the alleged negligence of the defendants.   The trial resulted in a nonsuit; and within the time prescribed the plaintiff brought the same action in the city court of Cartersville, which also resulted in a nonsuit.   The case is here to review that judgment.   On the trial it appeared that the plaintiff's son contributed to her support, and that he was employed by the Davis Construction Company, which was engaged in building a State highway.   The defendants were also engaged in building this highway, their part of the work consisting in furnishing trucks and drivers for hauling to the concrete mixer rock and cement to be used in paving the highway. It was the duty of plaintiff's son to mount these trucks as they backed into the portion of the road being paved and towards the concrete mixer, and to clip the bags of cement so that their contents would be ready to pour into the mixer.   Plaintiff's son was instructed not to stop the trucks but to get on them while they were moving backward towards the concrete mixer.   In mounting a particular truck driven by one of defendants' servants, the same backing towards the mixer between six and seven miles an hour, plaintiff's son placed his foot upon a hook, there being two on the rear of the truck for the purpose of fastening a trailer to the truck when needed, his foot slipped and he fell to the ground and the truck ran over his body.   The truck had a high back to the cab and the driver could not see that plaintiff's son had failed to catch and mount the truck but had fallen, and continued to back and ran over plaintiff's son, killing him.

1.   The plaintiff must prove the negligence as charged in her petition, and if she charges specific acts of negligence, she must prove one or more of them.   If the plaintiff proves none of the specified acts of negligence, she is not entitled to recover, regardless of what other acts of negligence are disclosed by the evidence. *Livsey* v. *Ga. Ry. & Elec. Co.,* 19 *Ga. App.* 687 (91 S. E. 1074); *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837 (6) (47 S. E. 329); *Southern Ry. Co.* v. *Winn,* 25 *Ga. App.* 438 (103 S. E. 733);

*Augusta Ry. & Elec. Co.* v. *Weekly,* 124 *Ga.* 384 (52 S. E. 444). Where the plaintiff does not prove any of the acts of negligence alleged, a nonsuit is properly granted. *Steele* v. *Ga. Iron & Coal Co.,* 124 *Ga.* 957 (52 S. E. 1038) ; *Pressley* v. *A. & W. P. R. Co.,* 48 *Ga. App.* 382 (172 S. E. 731). The plaintiff charged certain specific acts of negligence, but the evidence failed to sustain any of them. A nonsuit was properly granted.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*