### 28795. FINLEY *v.* COASTAL CHEVROLET CORPORATION.

DECIDED MARCH 14, 1941.

*Conyers, Gowen & Conyers,* for plaintiff.

*J. J. Lissner Jr.,* for defendant.

SUTTON, J. "The plaintiff must recover upon the cause of action laid in the declaration; and a verdict for the defendant is required when the cause of action thus laid is not proved, although another cause of action in favor of the plaintiff against the defendant may appear from the defendant's testimony." *Burdette* v. *Crawford,* 125 *Ga.* 577 (2) (54 S. E. 677); *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579); *Smith* v. *Hendricks,* 43 *Ga. App.* 361, 362

490

(3) (158 S. E. 638); *Warren* v. *Georgia Power Co.*, 58 *Ga. App.* 9, 15 (197 S. E. 238). Where a plaintiff sues on an alleged express contract, and the proof fails to show such a contract, he is not entitled to recover on a quantum meruit. *Shropshire* v. *Heard*, 27 *Ga. App.* 256 (107 S. E. 892); *Seaboard Air-Line Railway Co.* v. *Henderson*, 28 *Ga. App.* 391 (111 S. E. 220); *Frierson* v. *Fincher*, 134 *Ga.* 113 (67 S. E. 541). Applying the above principles of law to the facts of the present case where the plaintiff brought suit against the defendant on an alleged express contract, alleging that he did certain paving for the defendant who agreed to pay therefor the sum of $280, and where the evidence failed to show that the defendant had entered into any contract with the plaintiff or agreed to pay him any sum whatever, but that in pursuance of a written contract in which an employee of the plaintiff's company purported to act on behalf of the company, although without authority, the paving was done by the employee with materials and labor of the plaintiff, the defendant agreeing to deliver a described automobile to the plaintiff's company for a stipulated price, and to apply as a credit towards the down payment on the car the agreed value of the paving in the amount of $200, and where it was shown that the automobile was delivered to the employee under a conditional-sale agreement executed by him individually and being dated two days before the date of the agreement aforesaid, the plaintiff, having sued on an express contract to pay a certain amount, and having failed to show such an agreement on the part of the defendant, did not prove his case as laid, and therefore he was not entitled to recover on the alleged contract sued on; nor was he entitled to recover on a quantum meruit, inasmuch as the suit was brought on an alleged express contract; nor was he entitled to recover any amount under the separate contract set up by the defendant and not sued on by the plaintiff. The plaintiff having admitted in open court that he was due the defendant the sum of $65.95 for parts and material, etc., furnished to him, as asserted in the defendant's plea of set-off, the verdict in favor of the defendant for such amount was authorized by the evidence, and the court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., concurs specially.*