34173. GARRETT *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

CARLISLE, J. 1. "The plaintiff must recover upon the cause of action laid in the declaration, and a verdict for the defendant is required when the cause of action thus laid is not proved." *Burdette* v. *Crawford,* 125 *Ga.* 577 (2) (54 S. E. 677); *Franklin Savings & Loan Co.* v. *Branan,* 54 *Ga. App.* 363 (2), 364 (188 S. E. 67); *Finley* v. *Coastal Chevrolet Corp.,* 64 *Ga. App.* 489 (13 S. E. 2d, 683).

2. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when such testimony is vague, equivocal, or self-contradictory." *Western & Atlantic R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494); *Weatherford* v. *Weatherford,* 204 *Ga.* 553 (50 S. E. 2d, 323).

3. "Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104.

4. Where, under an application of the foregoing rules of law, it appears that it was alleged in the petition, in an action for damages for an alleged tortious ejection of the plaintiff passenger, that *the conductor* of the train ejected the plaintiff before she reached the destination for which she had contracted passage because of the plaintiff's lying down upon the seat assigned to her, and upon the trial of the case the only evidence bearing upon the plaintiff's ejection from the train was that of the plaintiff herself, and her testimony was vague, equivocal, and self-contradictory, she having testified at various points during her examination as a witness that *the conductor* forcibly ejected her at Corbin, Kentucky, because of her efforts to lie down in her seat, and having testified at other points that she had been ejected by the news

butcher, or news vendor, and having testified at still other points in her testimony to facts from which it was clearly inferable that she left the train voluntarily in the belief that she had reached her contracted destination, Etowah, Tennessee, the trial court did not err, after all the evidence had been introduced, in directing a verdict for the defendant railroad company; for, when the evidence is construed most strongly against the plaintiff, the plaintiff was either ejected by the news butcher, who is not a servant of the defendant, or she left the train voluntarily, in either of which events the proof failed to establish the case as laid in the pleadings.

5. Where, in such a case as indicated above, the plaintiff, after all the evidence had been introduced, in an effort to conform the pleadings to the proof, offered the following amendment: "The servants of this defendant, particularly the conductor in charge of its said train, allowed and permitted a person, or persons, employed on said train and under the control and direction of said conductor, to eject her from said train as alleged in said petition as amended, that petitioner is unable, for want of information to set forth the name of the person so ejecting her but avers that such fact is peculiarly within the knowledge of defendant, and are [is] well known to it," the trial court did not, on objection, err in disallowing such amendment where there was no effort on the part of the plaintiff to strike the allegation in the original petition as amended specifically designating the conductor as the ejector, which allegation is in direct conflict with and contradictory of the proffered amendment. *Flynt* v. *Southern Railway Co.*, 7 *Ga. App.* 313 (2) (66 S. E. 957).

For the foregoing reasons, the trial court did not err in disallowing the proffered amendment, or in overruling the motion for a new trial, based solely upon the ground that the court erred in directing a verdict for the defendant.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 23, 1952.

*Harris, Henson & Gower,* for plaintiff in error.
*John Sammons Bell, John L. Tye Jr.,* contra.