37002. KING *v.* HARMON.

DECIDED APRIL 10, 1958.

458

*Reuben A. Garland, J. Walter LeCraw,* for plaintiff in error.

*B. Hugh Burgess, Greene & Neely,* contra.

QUILLIAN, Judge. ■ It was not error for the court to disallow the amendment. The plaintiff's evidence showed without dispute that the plaintiff was attempting to cross the street where crossing was prohibited by a valid ordinance of the City of Atlanta. To permit the nullification of a valid law or ordinance by a custom would undermine the very foundation of our government. If the law precludes a custom from becoming a part of a contract if the custom is contrary to law the same principle would apply with even greater force here. See *American Mutual Liability Ins. Co.* v. *Curry,* 187 *Ga.* 342, 358 (200 S. E. 150).

■ The court did not err in denying the motion for new trial .as amended. The evidence authorized the finding for the defend-:ant under the allegations of the petition and evidence in support thereof.

The plaintiff's evidence tended to support this contention, while not all of his witnesses were in agreement as to the details of the occurrence. The defendant's evidence was to the contrary. The defendant testified that on the afternoon of the collision he was driving along Memorial Drive in the center lane of south-bound traffic at a lawful speed and in a prudent manner; that he did not switch from one lane of traffic to another or undertake to pass around an automobile that preceded him; that no automobile stood at the curb, but that all the vehicles that approached the locus of the accident from the direction in which he was traveling were in motion; that it was a rainy afternoon and water flowed in the street along the center; that the plaintiff whom he observed on the south curb suddenly sprang from the same and undertook to cross the street in a run ahead of the slow moving traffic; that the plaintiff had an umbrella over his head as he suddenly emerged from in front of the automobile to the defendant's right within about eight feet of the front of his automobile; that though he applied his brakes and made an effort to stop he could not avoid striking the plaintiff, but that he stopped the automobile immediately thereafter and within several feet.

The fact that the plaintiff committed a violation of a public statute in crossing the street did not necessarily bar his right of recovery. *Central of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 419 (91 S. E. 517). But the jury was authorized to find that the manner and circumstances of his crossing was the sole cause of his own misfortune.

The plaintiff must recover on his case as laid, and when it is not proved, or precludes recovery, it is immaterial that another cause of action appears from defendant's testimony. *Augusta Ry. &c. Co.* v. *Weekly*, 124 *Ga.* 384 (52 S. E. 444); *Burdette* v. *Crawford*, 125 *Ga.* 577 (54 S. E. 677); *Livsey* v. *Ga. Ry. &c. Co.*, 19 *Ga. App.* 687 (91 S. E. 1074); *Finley* v. *Coastal Chevrolet Corp.*, 64 *Ga. App.* 489 (13 S. E. 2d 683); *Dixie Ornamental Iron Co.* v. *Parrish*, 91 *Ga. App.* 11 (84 S. E. 2d 716); *Parsons* v. *Shinall*, 52 *Ga. App.* 144 (182 S. E. 624); *Evans* v. *Sears, Roebuck & Co.*, 49 *Ga. App.* 744 (176 S. E. 843).

Therefore, the plaintiff's contention that he was entitled to recover on the theory of the last clear chance doctrine deducible

from the defendant's testimony which showed that the plaintiff did not proceed from a position in front of a car that had parked to let him cross, but proceeded from the curb and that he saw him from the time he left the curb and that he did not put on his brakes until he hit him is not supported by the evidence.

■ There are four special grounds of the motion for new trial, numbers 4, 5, 6 and 7.

Grounds 4 and 5 of the amended motion for new trial are controlled adversely to the movant by the rule pronounced in numerous opinions among which is *Maner* v. *Dykes*, 55 *Ga. App.* 436, 443 (190 S. E. 189), " 'If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.' Code § 105-603. While it is true that no duty to exercise ordinary care arises until the negligence of the defendant becomes apparent, or the ordinary person would apprehend its existence (*Augusta-Akin Ry. &c. Co.* v. *Jones*, 15 *Ga. App.* 93, 82 S. E. 665), a charge that substantially complies with the Code section is sufficient, and it is not error to fail to give the principle as stated in the *Jones* case, supra, in the absence of a special request."

■ Grounds 6 and 7 of the amended motion for new trial complain of the exclusion of evidence which related solely to the extent of the plaintiff's pain and suffering alleged to have been caused by the defendant's negligence.

The record shows that other evidence as to the plaintiff's disability, pain and suffering was admitted and that the verdict was in favor of the defendant. In this situation the grounds show no reversible error. *McBride* v. *Ga. Ry. &c. Co.*, 125 *Ga.* 515 (1) (54 S. E. 674).

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I think the evidence demanded the finding that the plaintiff could have discovered and avoided any negligence on the part of the defendant by the exercise of ordinary care.