THE CENTRAL RAILROAD & BANKING COMPANY, plaintiff in error *vs.* JEREMIAH DIXON, defendant in error.

When, in a suit against a railroad company for a physical injury done to the plaintiff by the running of its cars, it was in proof that the plaintiff had been injured by the starting of the cars as he was passing under them after dark, whilst they were temporarily stopped at Gordon, taking in wood and water, the point of his attempted passage not being a public crossing:

*Held,* That the gross negligence and want of ordinary care on the part of the plaintiff, in thus undertaking to pass under the cars, brings him within section 2921 of the Revised Code of this State, and that he cannot recover, even by proof, that the engineer did not give the usual signal for starting the train, and a verdict against the railroad for damages will be set aside as illegal.

Damages. Railroad Companies. Before Judge ROBINSON. Wilkinson. April Term, 1870.

Dixon brought case against said company for injuries done to him by running its car over him, etc. The evidence showed that, at Gordon, where the road from Milledgeville joins the road from Savannah, the train was standing in the usual place, after dark, taking wood and water. The public road was blocked up by the train, and the train also stood across the usual crossing for foot passengers. Dixon, wishing to cross the track, got under the train for that purpose; this he did twice; the second time the train suddenly moved, and inflicted said injuries upon him. As to whether the usual signal was given before moving, the evidence was conflicting. The train was moved to give way for the Milledgeville train coming in.

The Court read to the jury sections 2921, 2979 and 2980 of the Revised Code of Georgia, and that part of the opinion of this Court in the case of *The Macon & Western Railroad Company vs. Johnson,* 38th *Georgia Reports,* as to said sections, and then charged them as follows: "A railroad company is liable for any damages done to persons by the running of the locomotives, cars or other machinery of such

company, or for damages done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. No person shall recover damages from a railroad company for injury to himself or his property when the injury is done by his consent, or where the injury is caused by his own negligence. If the party plaintiff, and the agent of the company are both at fault, the plaintiff may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to the party complaining. Applying these general principles of law to this case, if the jury believe, from the evidence, that the plaintiff has been damaged in his person by the Central Railroad Company, or any one in the employment of said company, in consequence of the failure of said company or its employees to have exercised all ordinary and reasonable care and diligence in the running of their cars at the time stated in plaintiff's writ, then the plaintiff is entitled to recover. But if the jury believe, from the evidence, that the Central Railroad Company or their employees did exercise all ordinary and reasonable care and diligence at the time the injury is alleged to have been done to the person of the plaintiff, then the plaintiff is not entitled to recover. If the jury believe, from the evidence, that the Central Railroad Company were without fault on their part, and that the injury alleged to have been sustained by plaintiff was caused by his own negligence, then the plaintiff is not entitled to recover. If the jury believe, from the evidence, that plaintiff and defendant were both at fault, then plaintiff may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to the plaintiff. If the jury should believe, from the evidence, that the plaintiff is entitled to recover damages, it is for the jury to ascertain from the evidence what the amount of damages should be. Damages are given as compensation

The Central Railroad and Banking Company *vs.* Dixon.

for the injury done, and the injury done is generally the measure of damages, where the injury is of a character capable of being estimated in money. If the jury believe, from the evidence, that the injury alleged to have been sustained by the plaintiff was not caused by his own negligence, but that it was caused by the failure of defendant to have exercised all ordinary and reasonable care and diligence, then the jury must endeavor to ascertain, from the evidence, the extent of the injury, and what would be a suitable compensation for the same in money, taking into consideration the expenses of medical treatment and nursing incurred by the plaintiff in consequence of the injury alleged to have been done him; also taking into consideration the age and value of the services of the plaintiff to himself and family before the alleged injury. Where there are conflicts or discrepancies in the testimony of witnesses, it is the duty of jurors to endeavor, if possible, to reconcile such conflict or discrepancies without imputing perjury to any of the witnesses. If witnesses swear differently in regard to the same things, other things being equal, that witness is to be believed who has the best opportunity or means of knowing."

And the Court further charged, at request of defendants' counsel: " That, if the evidence shows in this case that though the Central Railroad Company, the defendant, or its agents, were guilty of negligence, that is to say, if they failed to give the signal that the train was about to back, yet if Dixon, the plaintiff, could, by ordinary diligence, have avoided the consequences to himself of that negligence, he is not entitled to recover from the Central Railroad." The jury found for plaintiff $5,000 00 and costs. Defendant's counsel moved for a new trial, upon the grounds that the verdict was contrary to evidence, etc.; that the Court erred in charging the law as to when both parties are at fault, without qualifying it by saying that, if plaintiff could, by the exercise of ordinary care and diligence, have avoided the accident, then defendant is not liable for damages; and be-

cause the charge is contrary to law, inconsistent and contradictory, and therefore liable to mislead the jury. The motion was overruled, and error is here assigned on each of said grounds.

W. K. DEGRAFFENREID; JACKSON, LAWTON & BASSENGER, for plaintiff in error.

JAMES C. BOWER, J. G. OCKINGTON, A. REESE, for defendant. As to new trials: 1st Graham & Waterman on N. T., 541, 542, 545, 546; 3d, 1218, 1219, 1366, 1367, and cases cited; 3d, 1260, 1261, 1262, 1263, 1290, 1291, and cases cited. As to ordinary care: Story on B., sec. 11, sec. 17, note; 2 Am. R. R. Cases, 114 *et seq.;* R. Code, section 3667; Hilliard on N. Trials, 64; Ga. Decisions, 82; Dudley's Ga. R., 182; 4 Ga. R., 193; 20th Ga. R., 511; 6th, 276.

McCAY, J.

In the case of *Johnson vs. The Macon & Western Railroad Company,* reported in 38th Georgia, 433, this Court held that section 2921 of the Code applied as well to railroads as to individuals. That section provides, that if the plaintiff, by the exercise of *ordinary care,* could have avoided the consequences to himself of the *defendant's negligence,* he cannot recover. Ordinary care is defined by section 2034 of the Revised Code to be that care and diligence which a prudent man exercises in his affairs.

Can it for a moment be contended that the act of the plaintiff, in attempting to *crawl under* the cars, only temporarily stopped, as he knew they were, was the act of a prudent man? It was, in fact, a most *imprudent* and *rash* act, and if section 2921 of the Code is to have *any force at all,* we think this case comes clearly under it. By the common law, if the plaintiff contributed, at all, by his negligence, to the injury, he could not recover. Our law does not go so far as this.

He must be guilty of want of ordinary care in order to lose his right to recover. If he be negligent, but the negligence does not amount to want of ordinary care, then, if the railroad company be also negligent, the jury shall apportion the damages according to the negligence of both parties. We place this case on the ground that the attempt to crawl *under* the cars showed a want of ordinary care, so as to bring the plaintiff within section 2921 of the Code.

Were the case otherwise, we should hesitate to disturb the verdict, though the evidence strongly preponderates against it, on the question of blowing the whistle. And, though the verdict is very large, considering the proof, we are very reluctant to interfere where the case is one turning wholly on the facts.

We are of the opinion that if the whistle was not, in fact, blown, there was *some* negligence on the part of the defendant. It is a fair presumption, that the usual customs of the road will be complied with. This does not, however, excuse the rashness of the plaintiff in putting himself under the wheels of the cars, which he had every reason to expect would move, almost immediately, since, according to the habit of the cars, the stoppage was but for a very brief period. We sympathize deeply with the plaintiff in his misfortune, but we cannot make the statute a nullity in furtherance of our feelings.

Judgment reversed.