BERRY *vs.* THE NORTHEASTERN RAILROAD.

1. A widow may recover for the homicide of her husband; she will have a right of action whenever the husband, had he lived, would have had such right, and whatever would have been a good defence to his suit, had he lived, will be equally available against one brought by her.

(*a.*) If the husband by ordinary care could have avoided the consequences to himself, even when caused by defendant's negligence, he would not have been entitled to recover.

(*b.*) The conduct of the deceased in this case evinced a total want of that care which a man of common sense would take of himself, and is nothing short of gross negligence. He voluntarily got drunk, placed himself in a situation of peril, without the intervention of the railroad company, fell over an embankment into one of their cuts, and was killed. Under these facts, the railroad was not liable, and a non-suit was right.

(*c.*) Railroad companies are required to keep in good order, at their expense, the public roads or private ways established by law, where crossed by their several roads, and build suitable bridges and make proper excavations and embankments, according to the spirit of the road laws; but they are not bound to keep in good order and maintain or establish bridges, etc., wherever their roads happen to cross a path or unfrequented way. Such ways are not private ways in the sense or spirit of the road laws. In this case the path pursued by the party killed does not appear to have been a way established by law, or one to the use of which the deceased had any prescriptive title

September 11, 1883.

Railroads. Damages. Negligence. Roads and Bridges. Before Judge Estes. Habersham Superior Court. February Term, 1883.

Reported in the decision.

Crane & Jones, by J. J. Kimsey, for plaintiff in error.

C. H. Sutton; G. D. Thomas, by H. McAlpin, for defendant.

Hall, Justice.

This was a suit to recover damages for the homicide of the plaintiff's husband, who was killed, while in a state of intoxication, by falling into a cut eighteen or twenty feet deep, in the night-time, on the defendant's railway. It appears, from the testimony in the case, that the railroad severed a way about eight feet wide, and which had been used by persons residing in the neighborhood, for twenty or thirty years previous to the time in question generally as a foot-way, or by persons riding on horseback, and only occasionally by those riding in carriages on wheels. After the railroad was constructed, it does not seem that any use was made of this way at the point near which this injury occurred. Ways had been made from this road to grade-points at each end of the cut.

The deceased lived only a half mile from the place; was well acquainted with the situation; had worked upon the cut, which was completed only a short time before his death; on each side of this cut a dirt embankment from three to five feet high had been left by the railroad company. From the fresh prints of feet and hands, it is probable, if not certain, that the deceased had clambered over one of these banks of dirt, and fallen from it into the cut below. When he left the house of a neighbor, a half mile from the spot, to go to his home, he was not so drunk that he staggered, but his gait was un-

steady ; when he came to this house he was intoxicated, and while there he took another drink. He was so much under the influence of drink, that this neighbor induced him to leave with him the money he had, fearing that he might lose it in a creek which he had to cross on his way home. At the close of the testimony, the defendant moved a non-suit, which motion was sustained, and the case dismissed.

Was the court right in awarding this non-suit? Was there any testimony in the case upon which a verdict for the plaintiff could have been found ? In our opinion there was not, and from this it follows that the judgment of the court below was correct.

The plaintiff, under the Code, §2971, being the widow of the deceased, would have had a right of action, whenever the husband, had he lived, would have had such right, and whatever would have been a good defence to his suit would have been equally available to one brought by her.  *W. & A. R. R. vs. Strong*, 52 *Ga.*, 466, 467. If the husband, by "ordinary care, could have avoided the consequences to himself," even when caused by the defendant's negligence, he would not have been entitled to recover. Code, §2972. The conduct of the deceased evinces a total want of that care which a man of common sense would take of himself, and is nothing short of gross negligence. He voluntarily got drunk, and while in that condition placed himself in a situation of peril. Neither the defendant nor any of its employés had any agency in making him drunk or in conducting him to the precipice; they did not contribute to the disaster which befell him, and were in no sense liable for the damage. *The Southwestern Railroad vs. Hankerson*, 61 *Ga.*, 114, and *Southwestern Railroad vs. Johnson*, 60 *Ga.*, 667, are decisive upon this question.

The company, in constructing this cut, omitted no duty that the law imposed upon them. The road intersected by

the railway was in no legal sense a private way, and the defendant was not required to provide crossings at the intersection of that road with the railway, or to keep the same in order. It does not appear to have been established by the court of ordinary, nor does the evidence make it apparent, that the deceased had any prescriptive title to its use. Code, §§720, 721, 731. Railroad companies are required to "keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges, and make proper excavations and embankments according to the spirit of the road laws." Code, §706.

This negatives the idea that they are bound to keep in good order and to maintain or establish bridges, etc., whenever their roads happen to cross a path or unfrequented way. Such ways are not private ways in the sense or spirit of the road laws. *Childers vs. Holloway*, 69 *Ga.*, 757, 758; *Short et al. vs. Walton et al.*, 61 *Ga.*, 28. The testimony failed to show the road here was a private way, in the sense of the road laws, or if it was, that the plaintiff's husband had any right whatever to its use. There was nothing in the evidence to found a verdict for the plaintiff on, and the non-suit was properly awarded.

Judgment affirmed.*

---

*See Bush *vs.* Brainard, 1 Cow., 78 ; Howland *vs.* Vincent, 10 Metc., 371; Pittsburgh, etc.; R. R. *vs.* Bingham, 39 Ohio, St. 364; Omaha,, etc., R. R. *vs.* Martin, (Supreme Court of Nebraska), cited 28 Alb., L. J. 257; (Rep.)