### 5479. AUGUSTA-AIKEN RAILWAY & ELECTRIC CORPORATION v. JONES.

WADE, J. 1. The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing and is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802), and cases there cited. Hence the assignments of error as to excerpts from the charge of the court are without merit.

2. The evidence amply sustained the verdict, and it was not error to refuse a new trial.      *Judgment affirmed. Roan, J., absent.*

DECIDED SEPTEMBER 1, 1914.

Action for damages; from city court of Richmond county—Judge W. F. Eve. January 6, 1914.

The plaintiff was injured by a fall from an electric-car on which she was a passenger, and in her petition she alleged that her injuries were caused by the negligence of the defendant's employees in charge of the car, in starting it when she was attempting to alight from it, and in causing it to give a sudden, violent, and unusual jerk. The defendant, besides denying the alleged negligence, pleaded contributory negligence of the plaintiff. The trial resulted in a verdict for damages, and the case came to this court on exceptions to the overruling of the defendant's motion for a new trial. The motion complained of the verdict and of instructions of the court on the subject of contributory negligence. One of the grounds was as follows: "Because the court erred, after charging the jury in accordance with defendant's request, as follows: 'If the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover, even though the defendant railroad company may also have been negligent,' in adding the following qualification: 'I give you that in charge. If, *after the danger became apparent,* she could, by the exercise of ordinary care and diligence, have avoided the consequences, she could not recover, even though the defendant was negligent;' the error in said charge being that the request as given embodied a sound proposition of law, which was in effect the language of Civil Code (1910), § 4426, and the court erred in qualifying it by limiting the plaintiff's negligence which would be a complete bar to a recovery to that which occurred after the defendant's negligence became apparent to the plaintiff." Similar assignments of error were made as to the other instructions complained of, which were to the same effect.

According to the plaintiff's testimony, she asked the conductor to put her off the car at the next street; he rang the bell and the car stopped, and she arose from her seat, and just as she put her foot on the running-board used as a step at the side of the car (which was open at the side), the conductor rang the bell, and the car started with an unusual jerk, causing her to fall to the ground. The conductor testified that after the car stopped she made no effort to get off, and he thought she wanted the next stopping place, and he rang ahead while she was sitting at the end of the seat, and she "swung around on the car as the car started off," taking hold of the stanchion with her right arm, and holding a package with

her left; that in stepping down she swung around "this way, like they always do," and fell.

*Boykin Wright, George T. Jackson,* for plaintiff in error.

*Oswell R. Eve,* contra.