5944. ATKINSON *et al.,* receivers, *v.* BOGGS.

1. There was evidence supporting the contention that the efficient cause of the injury for which damages were sought was negligence on the part of the defendant as alleged in the plaintiff's petition, unmixed with any negligence whatever on his part, and that he could not have protected himself from the consequences by the use of ordinary care.

2. Under allegations in the petition which were supported by some proof, it was the duty of the master not only to furnish machinery that would be reasonably safe for the use intended, but to keep it free from any accumulation of shavings, and thus maintain a safe place for the servant to work. The evidence disclosed that the machine operated by the plaintiff was extremely dangerous, unless kept free from shavings, and that the duty of keeping it in safe condition was a special duty of certain other employees, and no part of the duty of the plaintiff himself, who therefore was authorized to assume the safety of the machinery at all times. The plaintiff being a railroad employee, his employers were liable for the negligence of his coemployees.

3. "One is bound to use ordinary care to avoid the consequences of another's negligence; but this duty does not arise until the negligence of such other is existing, or is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend the existence." *Freeman* v. *Nashville Railway Co.,* 120 *Ga.* 469 (47 S. E. 931). The court did not err in so charging the jury.

4. There was no substantial error in the charge of the court as to the duty of the defendants "to exercise ordinary care in keeping the machinery reasonably safe for use," and "to make a reasonable inspection of the machinery in order to keep it reasonably safe for this plaintiff to work at." There was testimony from which the jury might have inferred that the machine which inflicted the injury was defective and unnecessarily dangerous, because, when choked up with shavings, it was likely to throw out of place the board which the operator was pressing into or against the machine, and thus to inflict injury on the person of the operator; and there was testimony showing that this defect could have been remedied before the injury, by the addition of a simple appliance which thereafter was attached to the machine. It was not only the duty of the defendants to furnish machinery reasonably safe for use, but, under allegations in the petition, supported by some proof, it was their further duty to maintain the machine in a reasonably safe condition for use.

5. Taken in connection with the entire charge and in the light of all the evidence, there was no harmful error in the instruction complained of in the 8th special ground of the motion for a new trial, to the effect that it was the duty of the defendants to notify the plaintiff of any defects in the machinery of which they may have had knowledge, and from or by which the defendants knew (presumably through the employees whose duty it was to inspect this machine) that the plaintiff was likely to be seriously injured.

6. The 9th special ground of the motion for a new trial complains that the court failed to charge the law embraced in sections 2782, 2783 and 2784 of the Civil Code of 1910 (Acts of 1909, pp. 160 et seq.). The charge as a whole was as favorable to the defendant as the evidence authorized, and the court distinctly charged that before the plaintiff could recover, it must appear, from the evidence, that the defendants were negligent, and that the plaintiff could not recover unless he himself was "absolutely" free from fault. Under the act of 1909, the plaintiff might recover even if he had been negligent himself to some extent; and the charge given was more favorable to the defendants than was required. The judge practically charged as to injuries arising from the negligence of a coemployee, when he instructed the jury as to the duty of the defendants to make a reasonable inspection of the machinery in order to keep it reasonably safe for the plaintiff to work at. In a suit for personal injuries received in the service of a railroad company (or of receivers operating a railroad), it is immaterial whether the negligence that caused the injuries was negligence of a coemployee or negligence of the master himself, or of one in authority under him.

Decided September 3, 1915.

Action for damages; from city court of Fitzgerald—Judge Griffin. July 3, 1914.

*Bolling Whitfield, Elkins, Wall & Koplin,* for plaintiffs in error. *Shipp & Kline, McDonald, Grantham & Bennett,* contra.

Wade, J. It is unnecessary to discuss the various questions raised by the motion for a new trial, or to enlarge upon the several rulings covered by the headnotes above, but, to render more clear the rulings made, we think it proper to add what amounts to little more than a general statement of the facts as brought out by the evidence. The plaintiff was employed in shops of the railroad company operated by the defendants as receivers. Under the machine which the plaintiff used, there was a certain chute, the purpose of which was to carry off the shavings produced in the operation of the machine, and it was the duty of the defendants to keep the chute from becoming clogged by such shavings, as otherwise the machine would become dangerous while in operation; and there were men employed by the defendants to inspect this

and other machines, and to keep the chute under this particular machine free from such obstructions. It was no part of the duty of the plaintiff to inspect the machine he used, but his sole duty was to operate it under the direction of his superior. In fact, for the plaintiff to ascertain that the chute under the machine was clogged with shavings or other obstructions, it would have been necessary for him to stoop down and look under the machine before commencing work, or during the progress of his work, or to abandon his work momentarily and "go around the corner of the table [at which he worked], stoop down, and look under there." If the shavings were allowed to accumulate in the chute, the machine would clog and become dangerous, as the accumulation of shavings would come between the machine and the board the operator was working on or pressing into the machine, and the board would thereby be forced up or thrown up, with the result that the operator's hand or arm might be caught in the machine itself, as actually occurred in this case. It appears, from the testimony, that the machine itself was extremely dangerous, and that there was a radical defect in it,—that lumber being manufactured in it was liable to be thrown up and out of the machine, with resulting danger to the operator whenever the chute became clogged. This fact appears to have been recognized by the defendants, and men were employed, according to the testimony of the plaintiff, to keep the chute free from such obstructions, and thus minimize the dangers resulting from the defect which allowed the chute to choke. The testimony further discloses that after the injury sued for had occurred, the possibility of similar injuries was prevented by the addition of a simple appliance to prevent a board, while being cut or fashioned by the machine, from being thrown out of place and thereby exposing the saws or knives of the machine.

Taking the suit as a whole, the charge of the court perhaps did not place clearly before the jury the contention of the plaintiff, which was supported by proof, that the injury resulted from the failure of a coemployee of the plaintiff to discharge his duty in the matter of inspecting the machine at which the plaintiff worked, and in keeping the chute therein free from obstructions, but it does not appear to us that the *defendants* suffered any injury thereby. To the contrary, the tendency of the charge was rather to limit the

plaintiff's right of recovery to defects in the machine itself, and to the failure on the part of the defendants to keep the machinery in good condition and to inspect it; and while, in a broad sense, this would cover the question as to negligence on the part of the co-employee whose duty it was to inspect for the master or to keep the machinery in good condition for the master, yet there was a possibility that the jury might not have clearly understood all the contentions of the plaintiff unless the court had been more explicit, and therefore we can not see that any injury resulted to the defendants from the general character of the charge on this point.

We do not think, taking the case as a whole, that any substantial error was committed by the trial judge; and the evidence for the plaintiff warranted the recovery. No evidence was introduced in behalf of the defendants, and there was no serious conflict in any of the evidence for the plaintiff.                    *Judgment affirmed.*