### 6402. NEWTON *v.* SEABOARD AIR-LINE RAILWAY.

RUSSELL, C. J. 1. There was some evidence to support one of the allegations of negligence in the plaintiff's petition, to the effect that the defendant, knowing that the deceased had fallen into the river and was under the boat, held the boat stationary over the point where he had fallen until after he was drowned, making no effort to render him assistance or to save his life. Consequently, it was error to charge the jury that "There can, in no event, be a recovery against the defendant if the plaintiff, or any one in whose right the plaintiff sues, caused the injury by his own negligence, or consented to it, or if, by the exercise of ordinary care and diligence, he could have avoided the consequences of the defendant's negligence, if the defendant was negligent," without also instructing the jury, somewhere in the charge, that

although the fall of the plaintiff's son into the river might have been caused by his own negligence, she would be entitled to recover if the defendant, with knowledge of the peril of her son, who was a passenger, failed to use extraordinary care and diligence for his preservation, or if, after the discovery of his peril caused by his own negligence, the defendant caused or contributed to his death by the failure to use ordinary care to prevent his being drowned. No matter if his fall into the river was due to his own negligence, the plaintiff would be entitled to recover if the jury found that the servants of the defendant, with knowledge of his presence and peril, placed the boat directly over the point where the boy had at that instant fallen, and held the boat in such position as to render it impossible for him to save himself or to be rescued. The jury should have been instructed to this effect, in view of the full instructions of the court as to contributory negligence. And the failure so to instruct them must be deemed to have been prejudicial, although there was a verdict for the plaintiff, since it can not be determined that the comparatively small verdict returned for the plaintiff does not rest solely upon the allegation that the defendant was negligent in maintaining a defective and dangerous "slip" for the use of passengers.

2. The reading or recital of the contentions of the parties from the pleadings is not equivalent to correct instructions which distinctly apply to the proved facts the legal principles pertinent to the issues. "It is one thing to state what a party contends, and another and very different thing to state the law applicable to such contentions." *Atlanta Ry. Co.* v. *Gardner,* 122 *Ga.* 82, 93 (49 S. E. 818).

*Judgment reversed.*

DECIDED FEBRUARY 10, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. February 8, 1915.

*Oliver & Oliver,* for plaintiff.

*Anderson, Cann & Cann, Thomas F. Walsh Jr.,* for defendant.