34711.  CASTEEL, by next friend, *v.* ANDERSON *et al.*

Decided October 1, 1953—Rehearing denied October 24, 1953.

*Raymond M. Reed, A. J. Henderson,* for plaintiff in error.
*H. G. Vandiviere, H. L. Buffington, Jr.,* contra.

SUTTON, C. J. ■ The second special ground of the motion is expressly abandoned. In special ground three, the movant complains of the admission in evidence of a drawing, representing the highway and the successive positions of the defendants' truck and the plaintiff's bicycle before and after the collision, over the objection that the drawing was not a true picture of what happened, was not drawn by the witness, and had the effect of leading the witness. It appears that the defendant Hillhouse testified as follows with regard to the drawing in question: "I note the little drawing which you exhibit to me, and which the court reporter has marked defendants' exhibit number one. That drawing does fairly represent the movement of my car [truck] there and the movement of that bicycle, this being the road coming from Dallas; that is the way it happened. . . This drawing fairly represents my truck as it came over the rise there. This over here on this drawing represents that bicycle." Although it is true that a plat or drawing not prepared by the witness himself may be somewhat leading in effect, the admission of such evidence is not error where, as here, a witness who has observed the facts represented by the drawing testifies that the drawing is a fair representation of those facts. The weight to be given this evidence, and whether the drawing was a correct representation of the positions of the truck and the bicycle, were questions for the jury. The court did not err in admitting the drawing in evidence, a proper foundation therefor having been laid. See *Railway Express Agency* v. *Mathis,* 83 *Ga. App.* 415 (2) (63 S. E. 2d 921), and citations.

■ The fourth special ground complains of the refusal of the trial judge to give the following timely written request to charge: "Even though the plaintiff may have been guilty of negligence which contributed to the accident and the injury by putting himself in a position of peril, yet, if thereafter the defendant, seeing the position in which he was, had an opportunity, by the exercise of reasonable care and prudence, to save him from the consequences of his negligence, it was the defendant's duty to do so, and if he failed to do so, and that was the immediate proximate cause of the injury to the plaintiff, he may still recover by reason of what is called the last-clear-chance doctrine."

The doctrine of last clear chance as stated in the Restatement

of the Law of Torts (p. 1257, § 480) is to the effect that, where a plaintiff by the exercise of ordinary care could have observed the danger created by the defendant's negligence in time to have avoided being injured, he may recover if, but only if, the defendant knew of the plaintiff's situation, and realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and the defendant thereafter is negligent in failing to exercise ordinary care and diligence to avoid injuring the plaintiff. Also see 38 Am. Jur. 907, "Negligence," § 222.

The doctrine of last clear chance was dealt with in *Lovett* v. *Sandersville R. Co.*, 72 *Ga. App.* 692 (34 S. E. 2d 664), and that case is cited by counsel for both parties in the present case. It was there said (at p. 697): "Where, under the pleadings and evidence, the rule is applicable, the negligence of the plaintiff in placing himself in peril and not discovering it until too late is considered too remote to be considered as a contributing cause of the injury, for the reason that the defendant's subsequent negligence (last clear chance) is considered the producing and sole proximate cause. The rule is based on the identical principle which precludes the plaintiff from recovering if he could have avoided a defendant's negligence after he discovers it, or should have in the exercise of ordinary care."

The defendant Hillhouse, the driver of the truck, testified in part as follows: "When I got to the top of that hill I saw a little boy on a bicycle, and a car behind him. The little boy was pedaling the bicycle, going up the road. When I first saw him he was on his right side of the road, about the center of the line [lane?], and he was moving. He was going in the direction of Dallas, which would be to the west. I believe then that this fellow blew his horn behind the boy, and he looked around and saw this fellow's car, and he cut across a little angle in front of him. At any rate, he looked around and saw this car coming. When I first saw the little boy, I slowed up a little, and I blew my horn. *Then I don't believe the boy ever saw me.* He came in a short angle across the road in front of me." On cross-examination, Hillhouse testified that he traveled about 140 feet before applying his brakes, slowed for some 200 feet, and then skidded for 60 feet with his brakes locking the wheels; that the

boy did not turn across the road when he first saw him, but turned when Hillhouse began to check his speed; that he did not see the boy stop, and turned the truck to the left when the boy was still coming across the center line.

The plaintiff testified, on cross-examination: "I was going to get on the left-hand side. I was not nearly to the shoulder when I saw the truck; I was right here at this white line. I was about [at] the white line when I saw the truck. Then when he came over to the right-hand shoulder of the road I stopped there on that line. I was not a little south of that center line of the road; I was right at that line. When I say that I stopped on my bicycle, I mean that I had one foot down. The truck was coming over the hill there."

Under the evidence in this case, there was an issue as to whether the plaintiff was inattentive and oblivious of his peril until too late to avoid his injury, of which situation the defendant driver was aware, and as to whether said defendant was thereafter negligent in failing to exercise ordinary care to avoid injuring the plaintiff. Under these circumstances, having charged the jury that the plaintiff would not be entitled to recover if he could have discovered the defendant's negligence and prevented his injury by the exercise of ordinary care for his own safety, the court erred in refusing to give the requested charge. See *Newton v. Seaboard Air Line Ry.*, 17 *Ga. App.* 624 (87 S. E. 908).

■ In the fifth special ground, the movant insists that the court erred in charging the jury as follows: "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway so as to pass without interference." It is contended that the defendant truck driver was not meeting another *vehicle;* that the plaintiff was crossing the highway upon a bicycle, and so was not required by law to turn to the right, as was the defendant driver. It is contended by the movant in his brief that Code § 68-303(c), quoted in the charge complained of, does not apply to the rider of a bicycle. But Code § 68-303 provides traffic rules and regulations to be observed by *every person* operating a vehicle upon the highways, and Code § 68-101 makes the following definitions: " 'Vehicle'—Any contrivance used for transportation of persons

or property on public highways. 'Motor vehicle'—Any vehicle, except tractors, propelled by power other than muscular power, not operated exclusively upon tracks." Subsection (j) of Code § 68-303 applies specifically to motor vehicles or tractors; therefore, it appears that the other subsections, including (c), the one in question, apply to *vehicles* as broadly defined in Code § 68-101. The plaintiff was operating a bicycle, which may fairly be said to be a contrivance used to transport persons and property on a public highway, principally by muscular power. A bicycle is a vehicle, as defined by the Code, and the plaintiff on his bicycle and on the highway was bound to observe the traffic rules provided by the legislature just as any other operator of a vehicle upon the highway. Special ground 5 is without merit.

■ The plaintiff has argued together the general grounds and the first special ground of his motion for new trial, but, inasmuch as the case must be tried again because of the error pointed out in the fourth special ground of the motion, as dealt with in the second division of this opinion, no ruling need be made upon the sufficiency of the evidence to support the verdict. The court erred in denying the motion for a new trial.

*Judgment reversed. Felton and Worrill, JJ., concur.*