18864. SOUTHLAND BUTANE GAS CO. v. BLACKWELL.

ARGUED APRIL 12, 1955—DECIDED MAY 10, 1955—
REHEARING DENIED JUNE 15, 1955.

J. Guy Roberts, Dunaway & Embry, for plaintiff in error.
Gordon M. Combs, contra.

HAWKINS, Justice. (After stating the foregoing facts.) It is elementary that the father cannot recover in this case unless the deceased son could have recovered had he been only injured and lived. *Berry* v. *Northeastern Railroad*, 72 *Ga*. 137.

At common law, if the injury to or death of a person resulted from any negligence attributable to him, regardless of the degree, there could be no recovery, and no apportionment of damages. *Macon & Western R. Co.* v. *Johnson*, 38 *Ga*. 409, 432; *Central R. & Bkg. Co.* v. *Dixon*, 42 *Ga*. 327, 330; *Hines* v. *Evitt*, 25 *Ga*.

*App.* 606 (4) (103 S. E. 865). This common-law rule was changed in this State by Code §§ 94-703 and 105-603, which are as follows: "No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to him." Code § 94-703. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Code § 105-603. Under these sections of the Code it is clear that there can be no recovery of damages where the injured party has failed to use ordinary care to prevent an injury to himself, unless the injury be wilfully and wantonly inflicted upon him. Thus, one is bound at all times to exercise ordinary care for his own safety, even before the negligence of another is or should be apparent, and this duty should not be confused with that other duty imposed by law upon all persons to avoid the negligence of another where the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence.

The rule is so well established in this State that the acts or conduct of one voluntarily drunk will be measured by the same rules as those applying to a sober person, that citation of the numerous decisions to that effect by both this court and by the Court of Appeals is deemed unnecessary. For a list of some of them see *Rollestone* v. *Cassirer & Co.*, 3 *Ga. App.* 161, 175 (59 S. E. 442). In *Southwestern Railroad* v. *Hankerson*, 61 *Ga.* 114, it is said: "If one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility on a railroad track, so that he is injured by a passing train, he cannot recover for injuries so received, even though there may have been contributory negligence on the part of employees of the road." Paraphrasing the ruling there made, if one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility on a public highway, so that he is injured by a

passing motor vehicle, he cannot recover for injuries so received, even though there may have been contributory negligence on the part of the operator of the motor vehicle. In *City of Columbus v. Griggs,* 113 *Ga.* 597 (1) (38 S. E. 953, 84 Am. St. R. 257), it is said: "One who knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence." As held in *Berry* v. *Northeastern Railroad,* 72 *Ga.* 137, supra, if the plaintiff's son, by the use of ordinary care, could have avoided the consequences to himself, even when caused by the defendant's negligence, he would not have been entitled to recover. Here, as in that case, the deceased voluntarily got drunk, and while in that condition placed himself in a state of peril, and, as there held, such conduct on the part of the deceased "evinced a total want of that care which a man of common sense would take of himself, and is nothing short of gross negligence." In *Beasley* v. *Elder,* 88 *Ga. App.* 419 (76 S. E. 2d 849), the Court of Appeals quoted and followed the ruling in *Southern Railway Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64), that "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, can not hold another liable for damages from injuries thus occasioned." For some of the numerous cases holding to the same effect see *Briscoe* v. *Southern Railway Co.,* 103 *Ga.* 224 (28 S. E. 638); *Sheats* v. *City of Rome,* 92 *Ga.* 535 (17 S. E. 922); *Johns* v. *Georgia Ry. & Elec. Co.,* 133 *Ga.* 525 (66 S. E. 269); *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 872, 875 (72 S. E. 403); *Southern Railway Co.* v. *Dickson,* 138 *Ga.* 371 (5) (75 S. E. 462); *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924); *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (2) (190 S. E. 354); *Culbreath* v. *Kutz Co.,* 37 *Ga. App.* 425 (2) (140 S. E. 419); *Collett* v. *Atlanta, Birmingham &c. R. Co.,* 51 *Ga. App.* 637 (181 S. E. 207); *Taylor* v. *Morgan,* 54 *Ga. App.* 426 (188 S. E. 44).

While it is generally the duty of the driver of an automobile to anticipate the presence of "other travelers" on the highway and to have due regard for their rights to the use thereof (Code § 68-304 (now Code, Ann. Supp., § 68-1658) ; *Eubanks* v. *Mullis*, 51 *Ga. App.* 728, 181 S. E. 604; *Garmon* v. *Cassell*, 78 *Ga. App.* 730, 52 S. E. 2d 631; and other decisions cited by the Court of Appeals in this case in 91 *Ga. App.* 277, 285, 85 S. E. 2d 542), that court erred in applying this rule in the instant case, for the reason that public highways are established and maintained primarily for the purposes of travel and transportation by the public, and uses incidental thereto (25 Am. Jur. 456, § 163), but not as a place of repose. While "pedestrians" ordinarily have the legal right to the use of public highways *for the purposes of travel* (25 Am. Jur. 522, § 227), the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov.-Dec. Sess., p. 556; Code, Ann. Supp., § 68-1503) defines a pedestrian as "any person afoot." Webster's New International Dictionary, Second Edition, defines a pedestrian as "a walker; one who journeys on foot; a foot traveler." See also 70 C. J. S. 383. The deceased in the instant case, while lying prone in the highway, in a drunken condition, was not a pedestrian using the highway for the purposes of travel, and the defendant therefore was under no duty to anticipate his presence upon the highway in that position, or to avoid injuring him until his presence became known to the driver, which, under the undisputed evidence, was at the time the automobile reached a point within 12 or 14 feet of his body, when it was impossible for the driver to avoid striking and injuring him.

Neither is the rule of contributory negligence and apportionment of damages applicable in the instant case. In *Americus, Preston &c. R. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105), this court said: "The law of contributory negligence is applicable only where both parties are at fault, and *when, also,* the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced." (Italics ours.) In *Smith* v. *Central R. & Bkg. Co.*, 82 *Ga.* 801 (10 S. E. 111), it is said that where the injured party, by the use of ordinary care, could have avoided the consequences to himself of the defendant's negligence, he is not entitled to recover. His failure in this respect

does not stop with reducing the amount of damages, but defeats a recovery altogether. Nor is the last clear chance, or humanitarian doctrine, applicable to the defendant in the instant case. As pointed out by Judge Felton, in *Bennett Drug Stores* v. *Mosely*, 67 *Ga. App.* 347 (20 S. E. 2d 208), it is only after one finds another who has negligently placed himself in a position of peril, and because of his helplessness is unable to extricate himself from his position of peril, that the duty arises to use ordinary care to avoid injuring him. As there pointed out, it is only where the defendant *knows* of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition, that the defendant is charged with the duty of using with reasonable care and competence his *then* existing ability to avoid harming the plaintiff. Under the undisputed facts of this case, the defendant's driver first discovered the presence of the deceased in the highway when his automobile was within 12 or 14 feet of his prone body, and at which time he did everything he could to avoid injuring him by swerving his truck in an effort to avoid striking the deceased.

Under the foregoing principles of law, the evidence in this case demanded a verdict for the defendant, and the trial judge erred in overruling the defendant's motion for a new trial, and the Court of Appeals erred in affirming that judgment.

*Judgment reversed. All the Justices concur except Wyatt, P. J., absent on account of illness, and Mobley, J., who dissents. Head, J., concurs in the judgment only.*

MOBLEY, Justice, dissenting. I do not agree with the majority opinion in this case for several reasons. I think the ruling that, "if one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility on a public highway, so that he is injured by a passing motor vehicle, he cannot recover for injuries so received, even though there may have been contributory negligence on the part of the operator of the motor vehicle," is not a correct statement of the law. The basis of the court's ruling is as stated, "paraphrasing the ruling" made in *Southwestern Railroad* v. *Hankerson*, 61 *Ga.* 114, that: "If one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility on a railroad track, so that he is injured by a passing train, he cannot recover for injuries so

received, even though there may have been contributory negligence on the part of employees of the road." That is a trespasser case in which the plaintiff was a trespasser upon the tracks of the railroad and of course the only duty owed him as a trespasser was not to wilfully or wantonly injure him. This court holds that the only duty owed the deceased in this case was not to wilfully or wantonly injure him which puts him in the position of a trespasser on the highway. The tracks of a railroad and its right-of-way are the private property of the railroad and a person lying on the tracks at a place other than a public crossing is a trespasser. I can not agree that the deceased in this case was a trespasser on the highway. The highway is public property owned by the people, and for use by the people. The fact that the deceased may not be classified as a pedestrian, motorist, or traveller upon the highway does not make him a trespasser. If there were a statute (which we don't have) prohibiting a person from sitting or lying down upon the highway it would not make him a trespasser. In view of the above it is clear that the railroad cases cited by the court involving trespassers upon private property of railroads are not authority for the court's ruling in this case. Judge Pottle in the case of *Central of Georgia Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119, 127 (74 S. E. 854), in discussing *Southwestern Railroad* v. *Hankerson,* supra, and referring to the ruling quoted from that decision by the court here, stated, "the ruling made in the case is broad—very broad." I agree with Judge Pottle, the ruling is broad—very broad—and too broad even when applied to a trespasser.

I do not agree with the construction of the evidence, to the effect that "a finding was demanded that the deceased was lying drunk in the road, without physical capacity to move himself, in the nighttime, at a point just over the crest of a slight hill, where the lights of an automobile approaching over the hill would not shine on the body of the deceased until it arrived within 12 or 14 feet of the body, and the undisputed evidence of the driver of the truck was that he did not see the deceased until he was within 12 or 14 feet of him, and that he did everything within his power to avoid striking the deceased after discovering his presence in the highway by swerving his truck."

In my opinion the jury was authorized to draw the inference

from the evidence that the driver of the truck could have seen the deceased lying in the road at least 100 feet away and possibly as much as 300 feet away. The driver of the truck testified that he did not see the object in the road until he was within 12 or 14 feet of it and he was the only eyewitness. However, the jury was not required to accept his testimony in this regard when the physical facts as shown by pictures introduced in evidence could have caused the jury to believe that he saw or could have seen the object in the road 100 feet or more away, and furthermore in this connection he testified that his lights were in good condition and were on bright and that on a level he could see 100 feet ahead of him. This testimony shows that the driver was in gross error about the distance he could see or else that he was committing a gross violation of the statute (Code, Ann. Supp., § 68-316 (a)), requiring motor vehicles to be equipped with two front headlights, "capable of revealing a person, vehicle or object at least 500 feet ahead in the darkness." The jury was authorized to draw the inference that the driver's lights complied with the law and that he could see 500 feet on the level but that he was in error in his estimate of 100 feet and that he was equally wrong as to the distance he first saw the object in the road and that instead of being 14 feet it was 70 feet and that he had adequate time to avoid striking the deceased. Under those facts which the jury could have inferred from the evidence, the doctrine of the last clear chance would be applicable and the jury was authorized to find that although the deceased had negligently placed himself in a position of peril, and because of his helplessness was unable to extricate himself from his position of peril, that the defendant after knowing of the deceased's perilous situation, failed to perform the duty of using reasonable care and competence to avoid harming the deceased. The evidence further shows that the defendant truck driver was familiar with the road and that he drove over the top of the hill at a rate of speed of 35 to 40 miles per hour when he could not see over the top of the hill more than 12 to 14 feet. This would indicate a wanton disregard of the rights and safety of others who might be on the highway within 12 to 14 feet beyond the top of the hill, from which the jury could have inferred wilful or wanton negligence on the part of the defendant.

I believe the following statement from the opinion from the Court of Appeals in this case, *Southland Butane Gas Co.* v. *Blackwell,* 91 *Ga. App.* 277, 283 (85 S. E. 2d 542), correctly states the law applicable in this case: "While the plaintiff's son may have been negligent in being drunk on the highway, the jury was nevertheless authorized by the evidence to find that this negligence was not the proximate cause of Blackwell's death. There is only an inference, which the jury was not required to draw, that his intoxication caused him to lie in the road; the deceased may have stumbled and fallen, or may have been searching for his shoes. 'The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. Failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured.' *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (1, 2) (39 S. E. 306, 54 L. R. A. 802); *Augusta-Aiken Ry. &c. Corp.* v. *Jones,* 15 *Ga. App.* 93 (82 S. E. 665); *Atkinson* v. *Boggs,* 16 *Ga. App.* 738 (3) (86 S. E. 62); *Bach* v. *Bragg Bros. & Blackwell, Inc.,* 53 *Ga. App.* 574 (186 S. E. 711). At the time of the plaintiff's son's negligence in going on the highway, the defendant's negligence as alleged was not in existence. A corollary of this rule is that, where the injured person's original negligence in placing himself in danger and his obliviousness thereto are discovered by the defendant who thereafter fails to exercise ordinary care to avoid injuring such person, or where the injured person is first negligent in getting into a position of danger from which he is physically unable to extricate himself by the exercise of ordinary care, and the defendant is negligent in failing to discover the injured person's dangerous situation while it is still possible for the defendant to avert the injury by the exercise of ordinary care, the original negligence of the injured person does not operate to bar recovery for the injuries caused by the defendant's negligence. See *L. & N. R. Co.* v. *Plunkett,* 6 *Ga. App.*

684 (65 S. E. 695) ; *Newton* v. *Seaboard Air-Line Ry.*, 17 *Ga. App.* 624 (87 S. E. 908) ; *Georgia R. & Bkg. Co.* v. *Dawson,* 37 *Ga. App.* 542 (141 S. E. 57) ; *Bennett Drug Stores, Inc.* v. *Mosely,* 67 *Ga. App.* 347 (20 S. E. 2d 208) ; *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692 (34 S. E. 2d 664) ; *Casteel* v. *Anderson,* 89 *Ga. App.* 68, 71 (2) (78 S. E. 2d 831). Compare *Redding* v. *Callaway,* 74 *Ga. App.* 855 (41 S. E. 2d 804). Also see Annotations, 92 A. L. R. 47, 119 A. L. R. 1041, and 171 A. L. R. 365. As stated in *Bennett Drug Stores* v. *Mosely,* supra, p. 349, 'The exception to the rule we have mentioned [that one must exercise the degree of ordinary care which would be exercised by a sober person to avoid the consequence of another's negligence] is based on the doctrine of last clear chance, or humanitarian doctrine, and is predicated on the theory that there is a duty owed to one who has been so negligent as to render himself incapable of exercising ordinary care to protect himself, after such incapacity is known. This doctrine has been applied in numerous cases where a drunk or disabled person was in a place of danger and where his helplessness or facts indicating helplessness were known to another. Where this situation exists it is such other person's duty to exercise ordinary care to avoid injuring the unfortunate person even though if it had not been for the previous negligence, such as voluntary drunkenness, he could have put himself in a place of safety by the exercise of ordinary care.' "