38593. GEORGIA SOUTHERN & FLORIDA RAILROAD COMPANY v. HAYGOOD.

DECIDED MARCH 6, 1961—REHEARING DENIED MARCH 17, 1961.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, Jr.,* for plaintiff in error.

*Adams, O'Neal, Steele & Thornton, H. T. O'Neal,* contra.

JORDAN, Judge. 1. Special ground 4 which complains of the admission in evidence of the testimony of a witness for the plaintiff over the objection that said testimony was not illustrative of any issues in the case is without merit.

2. The testimony of the plaintiff's attending physician that, based upon his observation and examination, the plaintiff's alleged pain and disability could have been caused by the injuries received in the collision in question was not subject to the objection that such was an unwarranted conclusion as contended in special ground 5. *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (2) (5 S. E. 2d 214).

3. Special ground 6 of the amended motion complains of the following excerpt from the charge of the court: "I charge you that should you find in this case that there was negligence by both parties, the plaintiff and the defendant, and you will understand that when I speak of negligence of the defendant I mean the negligence of the employees of the defendant, if you find any employee of defendant was negligent—now if you find in this case that there was negligence by both parties, the plaintiff and the defendant, which was concurrent and contributed to proximately cause the alleged injuries, but you find that the plaintiff's negligence was less than the defendant's negligence, a recovery by the plaintiff would not be barred, but his damages should be diminished by an amount proportioned to the amount of fault attributed to him. Provided, however, that by the exercise of ordinary care and diligence the plaintiff could not have avoided the consequences of the defendant's negligence, if the defendants were negligent, after it became apparent, or in the exercise of ordinary care could have become apparent to him.

"If the plaintiff in this case, by the exercise of ordinary care could have avoided the consequences to himself, caused by the negligence of the defendant, if the defendant was negligent,

where that negligence became apparent to the plaintiff, or by the exercise or ordinary care upon his part, he could have become aware of it, then the plaintiff is not entitled to recover.

"I charge you further that if the plaintiff by the exercise of ordinary care could not have avoided the injury to himself, caused by the defendant's negligence, then notwithstanding that should you find he may have been partly at fault, if his negligence was less than the defendant's negligence, the plaintiff would be entitled to recover, but the amount of the verdict in his favor should be diminished in proportion to the amount of fault attributed to him. But if the negligence upon his part was equal to or greater than the defendant's negligence, the plaintiff would not be entitled to recover."

It is contended by the defendant that the charge as given was incorrect as an abstract principle of law and that it was confusing and misleading to the jury in that it led the jury to believe that the plaintiff was not required to exercise ordinary care and diligence for his own safety until the negligence of the defendant became apparent or should have become apparent to him. The charge as given correctly stated the comparative negligence doctrine as it exists in this State, including the duty of the plaintiff to use ordinary care to avoid the consequences of the defendant's negligence when such negligence became apparent or should have become apparent to him, and was not unsound as an abstract principle of law. *Western & A. R. Co. v. Ferguson,* 113 Ga. 708 (39 S. E. 306, 54 L.R.A. 802); *Williams v. Southern Ry. Co.,* 126 Ga. 710 (55 S. E. 948); *Willis v. Jones,* 89 Ga. App. 824 (81 S. E. 2d 517).

The trial court elsewhere in the charge defined the rule of ordinary care, instructed the jury that the rights and liabilities of both parties were to be adjudged and decided under the rule of ordinary care and diligence, and specifically instructed the jury that the driver of an automobile owes to a railroad company the duty to exercise ordinary care in approaching and attempting to cross railroad tracks, and that it is his duty to keep such lookout as might be required by ordinary care. The instant charge was not erroneous for any reasons assigned.

4. Under the ruling of this court in *Pollard v. Savage,* 55

Ga. App. 470 (190 S. E. 423), and the evidence adduced on the trial of this case, the trial court did not err, as contended in special ground 8, in charging the jury that, although there was no statutory requirement for the blowing of a whistle within a municipality, it was a question for the jury to determine whether or not ordinary care would have required the blowing of a whistle under the facts of this case.

5. Special ground 9 of the amended motion for a new trial assigns error on the following excerpt from the charge of the court: "Now I charge you that even if you should find that the plaintiff was negligent in failing to see the approaching engine, but that the agents of the defendant saw the plaintiff approaching the crossing, they would be required to use ordinary care and diligence to stop the engine before striking the plaintiff."

It is contended by the defendant that among other grounds this charge was erroneous in that the charge imposed upon the defendant a duty of exercising ordinary care and diligence to stop its locomotive upon seeing the plaintiff approaching the crossing irrespective of the distance of the plaintiff from the crossing, and that the charge imposed upon the defendant the duty of exercising ordinary care and diligence to stop its locomotive irrespective of the defendant's reasonable assumption that the plaintiff would bring his vehicle to a stop short and clear of the railway crossing.

It is further contended that since an agent of the defendant had testified that he saw the approaching car while it was almost a half a block away from the crossing, the court by this charge in effect directed a verdict for the plaintiff; and that consequently the giving of said erroneous principle of law in charge to the jury constitutes reversible error.

With this contention we must agree. We know of no principle of law which would impose upon a railroad engineer an absolute duty to bring his locomotive to a stop merely upon the approach of a vehicle to a crossing. As this court held in *Atlantic Coast Line R. Co. v. Bradshaw*, 34 Ga. App. 360 (1) (129 S. E. 304), "No law of this State imposes upon a railroad engineer an absolute duty to have his engine under such control, when approaching a crossing, that he can bring it to a stop in order to avoid

injury to any person at the crossing." Clearly there is no duty requiring an engineer to stop his train merely upon the approach of a vehicle to the crossing where there are no facts shown which would authorize him to assume that the driver of the car would not, in the exercise of ordinary care for his own safety, bring his vehicle to a halt before reaching said crossing. Yet, the charge in question imposed an absolute burden upon the defendant to do so irrespective of the distance of the plaintiff from the crossing at the time his approach was observed.

Assuming that it was the intention of the trial court by the instant charge to give to the jury the doctrine of last clear chance, the charge as given incorrectly stated that principle.

As stated by this court in *Casteel v. Anderson*, 89 Ga. App. 68, 71 (78 S. E. 2d 831): "The doctrine of last clear chance as stated in the Restatement of the Law of Torts (p. 1257, § 480) is to the effect that, where a plaintiff by the exercise of ordinary care could have observed the danger created by the defendant's negligence in time to have avoided being injured, he may recover if, but only if, the defendant knew of the plaintiff's situation, and realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and the defendant thereafter is negligent in failing to exercise ordinary care and diligence to avoid injuring the plaintiff." See *Bennett Drug Stores v. Mosely*, 67 Ga. App. 347 (20 S. E. 2d 208) ; *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692 (34 S. E. 2d 664) ; *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 S. E. 2d 6).

The criticized charge of the court withdrew from the jury its consideration of whether the danger to the plaintiff was obvious or should have been obvious to the defendant; it withdrew from the consideration of the jury the question of when such danger became or should have become obvious; and withdrew from the jury the question of whether the defendant's agents utilized with reasonable care and competence their then-existing ability to avoid harming the plaintiff when and if such danger became or should have become obvious to them. Under the undisputed facts in this case the charge of the court amounted to an instruction that the danger to the plaintiff was obvious as soon as the

defendant's agent saw the vehicle one half block away and that there then arose on the part of the defendant the absolute duty of exercising ordinary care and diligence *to stop his engine.*

The charge was also the equivalent of an instruction that failure to stop the engine was negligence on the part of the defendant. It has frequently been held by this court that it is erroneous for a judge to charge a jury that certain acts or omissions constitute negligence, when such acts or omissions are not negligent per se. *Louisville & Nashville R. Co. v. Biggs,* 141 Ga. 562 (3) (81 S. E. 900).

Clearly under the evidence the giving of said charge was erroneous and highly prejudicial to the defendant. Since the charge was not cured or mitigated by the remainder of the charge of the court or any portion thereof, the giving of such charge requires the grant of a new trial.

6. The remaining special grounds are without merit. The general grounds of the motion for a new trial are not passed upon, except to say that the verdict rendered was not demanded by the evidence, as the case is to be tried again.

For the reasons stated in division 5 of this opinion the trial court erred in denying the motion for a new trial.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*