34199. ESAB DISTRIBUTORS SOUTHEAST, INC. et
al. v. FLAMEX INDUSTRIES, INC. et al.
34200. TAYLOR et al. v. FLAMEX INDUSTRIES,
INC. et al.

NICHOLS, Chief Justice.

Flamex Industries, Inc. filed suit against O. M. Taylor, William Taylor, James McKenna, ESAB Distributors, and TMC, Inc., seeking actual and punitive damages, attorney fees, and injunctive relief. The complaint alleged that O. M. Taylor had breached the terms of a nondisclosure and noncompetition agreement with Flamex, had stolen trade secrets, had breached fiduciary relationships, and tortiously had interfered with Flamex' business by misappropriating trade secrets belonging to Flamex. Specifically, Flamex contends that after his resignation from Flamex, O. M. Taylor disclosed Flamex' trade secrets to TMC and ESAB by entering into business with McKenna and marketing through TMC and ESAB the products of the trade secrets in competition with Flamex. O. M. Taylor counterclaimed for specific performance of an alleged oral employment contract to have Flamex stock issued to him and for other relief not pertinent to these appeals. William Taylor voluntarily was dismissed from the case by Flamex.

The trial court granted summary judgment against Flamex and in favor of O. M. Taylor on the issue of the validity of the postemployment noncompetition provision of O. M. Taylor's employment contract with Flamex. No

appeal has been taken by Flamex from that order. The trial court denied the defendants' motion to dismiss for lack of subject matter jurisdiction as to the portion of Flamex' complaint seeking relief for appropriation of the part of the trade secret relating to the manufacture of a generator.

The case was submitted to a jury on special interrogatories. The jury's answers to the interrogatories show that it concluded that O. M. Taylor had gained knowledge of Flamex' trade secrets through his employment with Flamex, that O. M. Taylor had joined with McKenna, ESAB, and TMC to market the products of the trade secrets in competition with Flamex, and that all the defendants knew that the trade secrets were the property of Flamex. Nevertheless, the jury awarded damages and attorney fees against the two corporate defendants, ESAB and TMC, and found in favor of O. M. Taylor and against Flamex on O. M. Taylor's counterclaim for stock, which allegedly was to be due him pursuant to his employment contract with Flamex. The trial court incorporated the jury's findings into its final judgment and also continued in effect as against both individual defendants and both corporate defendants an injunction against further disclosure of or utilization of Flamex' trade secrets.

1. In Case No. 34199, ESAB and TMC contend in the first enumeration of error that the trial court erred in failing upon proper motion to amend the verdict so as to make the jury's finding of no liability on behalf of O. M. Taylor and McKenna include no liability on behalf of these corporate defendants.

The appellant corporations contend that in the instant case, the only individuals whose acts were at issue were defendants O. M. Taylor and James McKenna, and any corporate liability must therefore be derivative from their acts. Since the jury returned a verdict in favor of the individuals upon whose acts corporate liability must depend, it follows that there was no basis for a verdict against the corporations. The verdict exonerating the individuals is a legal verdict. Only the part of the verdict against the corporations is illegal. In *Pickron v. Garrett,* 73 Ga. App. 61, 66 (35 SE2d 540) (1945), it was held: "Here

we have a verdict *for* the defendant who actually cut the plaintiff's timber, according to his admission in open court that he cut the timber in dispute, and the apparent finding of the jury that the plaintiff owned it; and a verdict *against* the other defendants who sold the timber to the first defendant. Two verdicts are embraced in the one. As stated by counsel for the plaintiff, there is an *express* verdict against the Garretts and an *implied* verdict in favor of Burgin, found on the same testimony and based on the same pleadings. We think that these two separate and distinct findings are irreconcilably inconsistent." In *Roswell Road-Perimeter Highway Liquor Store v. Schurke,* 138 Ga. App. 502, 504 (227 SE2d 282) (1976), the court held: "We conclude that since the verdict exonerating the servant was a legal verdict and that part of the verdict awarding damages against the master was illegal and void under the doctrine of respondeat superior, it is unnecessary to require that a new trial be granted on the issue of liability of either defendant. Therefore, the trial court erred in refusing to amend the verdict and judgment to hold in favor of both defendants." See also 28 EGL 393, Verdicts, § 65. In this case the liability of the defendant corporations derives from the acts of Taylor and McKenna. The jury found in favor of Taylor and McKenna, the individuals through whom the defendant corporations acted. The verdict holding the corporations liable is inconsistent. The trial court erred by not granting the motion to amend the verdict in favor of the corporate defendants.

2. The remaining enumerations of error need not be considered in light of the ruling in Division 1.

3. In Case No. 34200, Taylor and McKenna appeal from the continuance of the injunction against them. The order of the trial court enjoined the defendants from marketing or distributing a chemical formula and a generator.

The jury failed to return a plaintiff's verdict against the individual defendants. It also found against the plaintiff on the counterclaim of the defendant O. M. Taylor. Where, as here, the employer materially breaches a contract of employment that is entire rather than severable in its covenants, the employer cannot

thereafter obtain an injunction against the employee for breach of another contract clause. *Felton Beauty Supply Co. v. Levy,* 198 Ga. 383 (31 SE2d 651) (1944); *Labor Pool of Atlanta v. Alps, Inc.,* 227 Ga. 463 (181 SE2d 385) (1971).

*Judgment reversed in Case Nos. 34199 and 34200. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only, and Jordan, J., who dissents.*

ARGUED NOVEMBER 14, 1978 — DECIDED MARCH 7, 1979 — REHEARING DENIED MARCH 28, 1979 IN CASE NO. 34199.

*Long, Weinberg, Ansley & Wheeler, Meade Burns, Dan B. Wingate,* for appellants.

*Rawlins & Mobley, David D. Rawlins, James H. Mobley, Jr.,* for appellees.