## 65480. THOMPSON v. FOUNTAIN.

Sognier, Judge.

Betty W. Fountain sued Ned Thompson for the wrongful death of her husband, who was lying on a highway in an intoxicated condition when he was struck and killed by Thompson. The deceased's blood alcohol content was .37 percent at the time of the accident, which occurred at dusk or near dark. Thompson was travelling at approximately 50 m.p.h. and had his bright lights on. Thompson testified at trial that he could not and did not see the deceased lying in the road until after he struck him. According to the investigating officer's accident report, Thompson had stated that he had seen the deceased's truck in a ditch on the opposite side of the highway but did not see the deceased until it was too late to avoid hitting him. The jury returned a verdict in favor of Mrs. Fountain in the amount of $60,000. Thompson appeals.

Appellant contends that the trial court erred in failing to grant his motion for a directed verdict. We agree and reverse.

This case is controlled by *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) (1955), which holds in pertinent part as follows: "[T]here can be no recovery of damages where the injured party has failed to use ordinary care to prevent an injury to himself, unless the injury be wilfully and wantonly inflicted upon him. . . . [I]f one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility on a public highway, so that he is injured by a passing motor vehicle, he cannot recover for injuries so received, even though there may have been contributory negligence on the part of the operator of the motor vehicle." *Id.* at 667-668.

All relevant facts in the instant case are substantially identical to those in *Southland,* except that in *Southland,* evidence was undisputed that the deceased was lying just over the crest of a hill,

preventing the defendant from seeing him in his headlights until within 12 to 14 feet of his body, when it was impossible to avoid striking him. Evidence in the instant case showed that the deceased was lying on a relatively flat stretch of highway and that no physical obstructions other than darkness obscured appellant's view for at least one quarter mile. Appellee points out that appellant's high beams would have illuminated the road at least 350 feet ahead, and that a vehicle travelling at appellant's speed should have been able to stop within 243 feet. Nevertheless, the *Southland* holding was based on the premise that the defendant-driver "was under no duty to anticipate [the deceased's] presence upon the highway in [a prone] position, or to avoid injuring him *until his presence became known to the driver. . . .*" (Emphasis supplied.) *Id.* at 669. See discussion of *Southland* in *Wright v. Concrete Co.,* 107 Ga. App. 190, 194 (129 SE2d 351) (1962). Evidence in the instant case is undisputed that appellant first saw the deceased's body either immediately before impact or not until after returning to see what his vehicle had struck. Contrary to appellee's assertions, the slight variance in the evidence as to the exact point at which appellant first observed the deceased does not create a jury question as to whether appellant saw the body in time to take evasive action; the evidence is undisputed that such an opportunity did not exist. See *Conner v. Mangum,* 132 Ga. App. 100, 106 (207 SE2d 604) (1974). Further, the absence of any evidence that appellant observed the deceased for any substantial distance before striking him clearly distinguishes the instant case from *Strickland v. Doran,* 130 Ga. App. 396 (203 SE2d 567) (1973).

Appellee's contentions that negligence issues existed for jury determination are without merit in light of the applicable legal standard, which is not simple negligence but wilful or wanton negligence. *Southland,* supra at 667. " '[B]efore the person charged with . . . negligence can be held guilty of wilful or wanton negligence the evidence must show that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him, or with knowledge of which he was chargeable, the inevitable or probable consequence of his conduct would be to inflict injury, and with reckless indifference to the consequences of such conduct he committed the act, or omitted to do his duty to avoid the threatened injury.' " *Southern R. Co. v. Davis,* 132 Ga. 812, 818 (65 SE 131) (1909). Appellee asserts that appellant's failure to observe the deceased in sufficient time to avoid striking him amounts to such negligence, particularly because appellant testified that just before impact, he diverted his eyes to look at the deceased's truck in the roadside ditch. While such evidence might support a finding of contributory negligence, it fails to evince any conduct that could

amount to wilful or wanton negligence. "Wilful and wanton negligence does not arise from a situation of implied notice — one where the defendant 'should have known.' *Western & A. R. Co. v. Michael,* 175 Ga. 1, 10 (165 SE 37)." *Herring v. Mathis &c. Dairy Co.,* 121 Ga. App. 373, 381 (173 SE2d 716) (1970).

Although appellee stipulated that no charge be given on last clear chance, she now argues that the principle applies in the instant case. We do not agree. "The last clear chance doctrine simply has no application unless the defendant knew of the plaintiff's perilous situation and had opportunity to take proper evasive action to avoid injuring him. It does not apply to a 'should know' or 'should have known' situation. [Cits.]" *Conner,* supra at 106. See also *Southland,* supra, at 670; *Carr v. Woodside Storage Co.,* 103 Ga. App. 858, 859 (1) (120 SE2d 907) (1961), reversed on other grounds, 217 Ga. 438 (123 SE2d 261) (1961). This principle is consistent with OCGA § 40-6-93 (Code Ann. § 68A-504) which provides: "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . and shall exercise proper precautions *upon observing . . .* any obviously confused, incapacitated, or intoxicated person." (Emphasis supplied.) From the plain meaning of the language of the statute (see *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430) (1981)), it is clear that appellant's duty to exercise ordinary care as to the incapacitated and intoxicated deceased did not arise until he actually observed the deceased. See generally *Seaboard Coast Line R. Co. v. Clark,* 122 Ga. App. 237, 240 (5) (176 SE2d 596) (1970).

"Where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. [Cits.]" *Gibson v. Talley,* 162 Ga. App. 303, 304 (291 SE2d 72) (1982). "Where 'conduct is susceptible of but one inference that it is not negligent, or, in cases of wantonness, that it is not wanton, and reasonable minds could draw only such inference therefrom, then the absence of negligence, or the absence of wantonness, is a question of law for the determination of the court.' [Cit.]" *Herring,* supra at 382. The court erred in denying appellant's motion for directed verdict. See *Wallace v. Yarbrough,* 155 Ga. App. 184, 185 (270 SE2d 357) (1980); *Jones v. Spindel,* 143 Ga. App. 341, 343 (238 SE2d 703) (1977).

It is unnecessary to consider appellant's other enumerations of error.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 18, 1983 —
REHEARING DENIED JUNE 8, 1983 —

*Wilson R. Smith,* for appellant.
*Hugh B. McNatt, Judson C. Bivins,* for appellee.