## 40092. FOUNTAIN v. THOMPSON.

Smith, Justice.

Ned Thompson was driving southward at about 50 miles per hour on a flat stretch of Georgia Highway 227 on September 8, 1981, near Ailey. According to a state policeman who responded to a 9:20 p.m. call and investigated, Thompson said at the scene that he noticed a pick-up truck in the ditch on the east side of the highway (to Thompson's left) and momentarily he saw something lying near the center of the road, but too late to avoid striking and killing Ronnie Fountain. There were no tire marks indicating that Thompson's vehicle had skidded to stop or avoid Fountain. Betty Fountain sued Thompson for the wrongful death of her husband. At trial, Thompson testified that although he saw Fountain's truck in the ditch, he did not see what he had hit until he stopped his vehicle and returned for a closer look. Fountain was later determined to have been drunk, with a blood alcohol level of .37 grams percent.

A jury returned a verdict in favor of Mrs. Fountain in the amount of $60,000. Thompson appealed, contending that the trial court erred in failing to grant his motion for a directed verdict. Relying on *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) (1955), the Court of Appeals reversed. *Thompson v. Fountain,* 166 Ga. App. 830 (305 SE2d 621) (1983). We granted certiorari and now reverse.

The question in this case concerns Thompson's duty of care toward Fountain. The Court of Appeals stated that all the relevant facts of the instant case were identical to those in *Southland,* supra, except that the deceased in *Southland* was lying just over the crest of a hill, making it impossible for the defendant to see him until it was too late to avoid impact. *Thompson v. Fountain,* supra at 831. Therefore, the Court concluded, there was no issue for the jury, in light of the rule laid down in *Southland* that: " '[I]f one voluntarily becomes drunk, and consequently falls down, or lies down, in a state

of insensibility on a public highway, so that he is injured by a passing motor vehicle, he cannot recover for injuries so received, even though there may have been contributory negligence on the part of the operator of the motor vehicle.' " *Southland,* supra at 667-668. A driver in such a situation was said in *Southland* not to be under a duty to anticipate the presence of the injured person upon the highway or to avoid injuring him until his presence became known to the driver. Id. at 669. The Court of Appeals addressed OCGA § 40-6-93 (Code Ann. § 68A-504), which provides that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . and shall exercise proper precautions upon observing any child or any obviously confused, incapacitated, or intoxicated person," only in the context of the doctrine of last clear chance. In our view, however, OCGA § 40-6-93 (Code Ann. § 68A-504) establishes that motorists on the highways must exercise ordinary care to discover and avoid persons in the roadway and modifies *Southland.* Although this statute was in effect in its previous form at the time *Southland* was decided, wherein "pedestrian" was construed not to apply to one lying prone in the highway in a drunken condition, we now hold that such a person is owed a duty of care where he is lying in the open on a flat road, even though undiscovered.

Unlike *Southland,* where the victim was lying only 12 to 15 feet over the crest of a hill, this accident occurred in a straight, clear, unobstructed section of highway where the driver should have seen the deceased some distance away. While Thompson testified that he saw nothing of Fountain until after running over him, he could have seen the deceased well beforehand and certainly in time to stop or evade him if he had been more observant. Thompson testified that he noticed Fountain's truck before striking him, but he did not slow or take precautions thereafter. Therefore, it was proper for the trial court to allow the jury to consider whether Thompson was negligent in failing to discover Fountain in time to avoid killing him. While Fountain may have originally been negligent in falling drunkenly into the highway, such negligence is no bar to recovery where the defendant's negligence in failing to discover the victim's peril and avoid injury to him was greater. There was no rise, curve, hill or other obstruction here to prevent Thompson from seeing Fountain. Thompson owed no less a duty of care to observe Fountain than he would have to any other person lying incapacitated in the road. Therefore, we reverse the judgment of the Court of Appeals.

*Judgment reversed and remanded to the Court of Appeals for further consideration in light of this opinion. All the Justices concur, except Hill, C. J., and Marshall, P. J., who dissent.*

DECIDED MARCH 1, 1984 —
REHEARING DENIED MARCH 14, 1984.

Hugh B. McNatt, Judson C. Bivins, for appellant.
Newton & Smith, Wilson R. Smith, for appellee.

HILL, Chief Justice, dissenting.

I accept without question the proposition that the driver of a motor vehicle owes a duty to exercise due care to others using the highway. However, a mature user of the highway owes a duty to himself and others not to lie down thereon. Whether the deceased was injured when his pick-up truck went into the ditch or whether he survived that mishap and then passed out in the road is immaterial, because clearly his intoxication caused one or both. I would hold that a person who lies down at dusk or dark on the highway due to intoxication is, as a matter of law, more negligent than the driver of a vehicle who, distracted by the deceased's vehicle in the ditch, fails to observe and avoid him. Thus, under the principles of comparative negligence, OCGA § 51-11-7 (Code Ann. § 105-603), the defendant is not liable for damages and the Court of Appeals was correct in holding that the defendant was entitled to a directed verdict.

In my view the majority errs by exhaustively showing that the defendant is required to exercise due care (about which there is no dispute) and then by summarily concluding that the defendant's negligence was greater than the deceased's. In my view, lying down in the middle of a highway at dusk or later due to intoxication amounts, as a matter of law, to a total lack of ordinary care and therefore precludes recovery. I therefore dissent.