72171. JOHNSON v. ELLIS.
(346 SE2d 119)

BEASLEY, Judge.

A plaintiff/pedestrian in a personal injury suit appeals from the grant of a directed verdict in favor of the defendant/motorist. She asserts that "appellee's duty to appellant under (this) set of facts was a proper issue for jury consideration."

What follows is undisputed. On Saturday, February 19, 1983, af-

ter working until about 4:00 p.m. and returning home to bathe and change, plaintiff Johnson was taken to a bar in Sylvester about 6 p.m. There he drank beer over a period of about two hours and met some men who gave him a ride to an interchange of I-75 and U. S. 280 in Cordele. After consuming a hamburger and cup of coffee, at approximately 11:15 p.m. Johnson began to cross the four-lane highway U. S. 280 on foot, at the interchange.

Defendant Ellis was driving back to Cordele, going west at 30 to 35 mph, within the speed limit, in the outside lane of the flat road. Her automobile was in good working condition, with headlights on, and she was maintaining a lookout ahead.

Johnson collided with the side of defendant's car, and she did not see him until he rolled over the windshield. Johnson was unable to recall anything whatever about the impact but merely that he had attempted to cross the roadway. The orthopedic surgeon who treated him testified that three hours after the collision Johnson was, in the surgeon's medical opinion, still under the influence of alcohol. There was damage to the car's left rear view mirror and windshield.

A patrolman who was familiar with the scene testified that there was no pedestrian crosswalk there, although "so many people that are walking the road and all and do cross just anywhere they want to." The streetlights were about 40-50 feet from where plaintiff ended up, but the area was more dimly lit than was the other side.

"In reviewing grant of a directed verdict or a judgment notwithstanding the verdict, we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury." *Pendley v. Pendley*, 251 Ga. 30, 31 (1) (302 SE2d 554) (1983), construing OCGA § 9-11-50. Did the evidence demand judgment for defendant?

Appellant contends that under *Fountain v. Thompson*, 252 Ga. 256 (312 SE2d 788) (1984), the facts of this case raise a jury question regarding defendant's duty of care towards him.[1]

In both *Fountain* and *Southland* the victim was lying on the highway before he was struck. In *Fountain*, the Supreme Court ruled that the statute "establishes that motorists on the highways must exercise ordinary care *to discover* and avoid persons in the roadway . . ." (Emphasis supplied.) Id. at 257. It held that a person lying prone in the highway in a drunken condition is owed a duty of care

---

[1] *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6) (1955), case which is distinguished in *Fountain* and the instant case all involve the application of OCGA § 40-6-93. There it is mandated that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding his horn when necessary, and shall exercise proper precautions upon observing any child or any obviously confused, incapacitated, or intoxicated person."

under OCGA § 40-6-93 when he is lying in the open on a flat road, even though undiscovered. This was because, under the circumstances of plaintiff's repose on the roadway, and the roadway's configuration at that junction, the driver "could have seen" and "should have seen" the victim, so the jury could find that he was negligent "in failing to discover" Fountain in time to avoid killing him.

Here, Johnson was not lying prone in the highway when the collision occurred but rather walking and thus in a state of action to the side of, and not in front of, the moving automobile. There is no evidence whatsoever that defendant could have, or should have, seen him walking into a collision path with her car. There is not even any evidence that he was actually on the roadway prior to his moving into the collision. Factually, this case is more akin to *Dowling v. Tracy*, 116 Ga. App. 43 (156 SE2d 524) (1967).

Although "(a) driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead," *Wallace v. Yarbrough*, 155 Ga. App. 184, 185 (2) (270 SE2d 357) (1980), the only evidence here is that defendant fulfilled that duty.

Plaintiff thus failed to establish a prima facie case of negligence, which he must do to survive a motion for directed verdict. *Smith v. Morico*, 166 Ga. App. 737 (305 SE2d 465) (1983); *Brown v. Kirkland*, 108 Ga. App. 651, 654 (2)-655 (134 SE2d 472) (1963). Negligence cannot be presumed; on the contrary, performance of duty and freedom from negligence is presumed. *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 368 (203 SE2d 587) (1973). Thus the jury could not conclude that defendant, who was looking straight ahead and *did* not see plaintiff before he was on the hood of her car, *should* have seen him in such time as to avoid him. And despite appellant's urging, there was no evidence from which the jury could infer that defendant had tunnel vision.

The evidence having raised no question of defendant driver's negligence, a directed verdict in her favor was warranted.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 10, 1986.

*William P. Keenan*, for appellant.
*Lawrence W. Walker, Michael G. Gray*, for appellee.