A91A0627. TUCKER et al. v. LOVE et al.
(408 SE2d 182)

POPE, Judge.
Plaintiffs brought this wrongful death action after a bus driven by defendant Bobby Love and owned and operated by defendant Metropolitan Atlanta Rapid Transit Authority (MARTA) struck and killed their minor daughter. The jury returned a verdict for defendant Love and the trial court entered judgment in favor of both defendants. Plaintiffs appeal.

1. Relying on *Fountain v. Thompson*, 252 Ga. 256 (312 SE2d 788) (1984), plaintiffs first enumerate as error the trial court's failure to charge the jury, upon written request, that a driver of a vehicle, in addition to exercising ordinary care to avoid colliding with pedestrians, is also under a duty and obligation to discover the presence of pedestrians in the roadway. The evidence presented at trial showed plaintiffs' decedent was hit by the MARTA bus as it was pulling away from a bus stop after discharging a passenger. At the time of the accident, it was raining extremely hard and visibility was impaired. Ac-

cording to eyewitness accounts, the victim, who was standing on the opposite side of the street, ran into the street after the bus began to move forward. The victim, running diagonally across the street, approached the bus at an angle to the left of the bus; she had a coat over her head to shield her from the rain. Witnesses testified the victim did not look before she ran into the street and that she failed to hear the warning cries of her companions as she ran in front of the bus. Defendant Love testified he looked to his right and "as far as he could see to the left," that he looked in his left mirror and at "everything around him" before pulling away from the bus stop. Love said he applied his brakes and blew his horn when he saw the victim but that he was unable to avoid hitting her as she ran in front of the bus. Other witnesses also testified that there was nothing Love could have done to avoid hitting the victim.

"In *Fountain*, the Supreme Court ruled that [OCGA § 40-6-93] 'establishes that motorists on the highways must exercise ordinary care *to discover* and avoid persons in the roadway. . . .' (Emphasis supplied.) Id. at 257. It held that a person lying prone in the highway in a drunken condition is owed a duty of care under OCGA § 40-6-93 when he is lying in the open on a flat road, even though undiscovered. This was because, under the circumstances of plaintiff's repose on the roadway, and the roadway's configuration at that junction, the driver 'could have seen' and 'should have seen' the victim, so the jury could find that he was negligent 'in failing to discover' Fountain in time to avoid killing him." *Johnson v. Ellis*, 179 Ga. App. 343, 344-345 (346 SE2d 119) (1986).

However, this case is readily distinguishable from the situation in *Fountain* and is factually more akin to *Johnson*. Here the victim did not enter the roadway until the bus had started to move forward after discharging its passenger. Even if the victim entered the highway simultaneously with the bus, she was not lying prone in the highway when the collision occurred, as was the victim in *Fountain*, but rather was in the process of running across the street. Moreover, the victim here entered the street to the side of, and not in front of, the moving bus. Thus in this case, as in *Johnson v. Ellis*, supra, "[t]here is no evidence whatsoever that defendant [Love] could have, or should have, seen [the victim running] into a collision path with [the vehicle]." Id. at 345. Under these circumstances, we find no merit to plaintiffs' contention that the trial court committed reversible error by failing to charge the jury that defendant Love had a duty to discover the victim in the roadway.

2. Plaintiffs also contend the trial court erred in entering judgment on the jury verdict because the verdict was contrary to the evidence and law. "We disagree. The obligation to weigh the evidence and to determine witness credibility rests with the jury. 'This court

considers only the sufficiency of the evidence. . . .' *Parr v. Pinson*, 182 Ga. App. 707 (1) (356 SE2d 740) [(1987)]. On appeal an appellate court is bound to construe the evidence in support of the verdict and judgment, and if there is some evidence to support the verdict, we will uphold the judgment. [Cit.] Applying these principles to the case sub judice, we find ample support in the record for the jury's verdict." *Ailion v. Wade*, 190 Ga. App. 151, 155 (4) (378 SE2d 507) (1989).

3. Lastly, plaintiffs argue that the trial court erred when it entered judgment for both defendants, because the jury returned a verdict only for defendant Love. First we note that contrary to plaintiffs' argument on appeal, defendant MARTA's liability in this case, if any, was derivative, not direct. In other words, MARTA could only be held liable to plaintiffs if the jury found the victim's injuries and death were caused by the negligence of MARTA's employee, defendant Love. Thus the trial court was authorized to enter judgment in favor of both defendants, based on the jury's verdict finding in favor of the defendant employee. See *ESAB Distrib. Southeast v. Flamex Indus.*, 243 Ga. 355 (1) (254 SE2d 328) (1979); see also *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344 (2) (223 SE2d 732) (1976).

Moreover, we also hold that plaintiffs waived their objection to the form of the jury's verdict. The transcript shows the trial court inquired as to whether the parties had any objection to the form of the verdict, and plaintiffs' attorney responded "I don't think so, your Honor." The trial court then admonished counsel to make sure there was no objection to the form of the verdict prior to the publication of the verdict. Again, after the verdict was published, the court inquired if there was any reason why the jury should not be dismissed and plaintiffs' attorney responded, "No sir."

"Neither party objected to the verdict when it was returned by the jury. At that time the meaning and effect of the verdict must have been clear to the parties. If either party felt the verdict was vague and ambiguous, objection should have been made when the verdict was returned so that the jury could clarify its meaning. [Cits.] A verdict which is not as specific as it could be but which is capable of being reduced to judgment will not be set aside on appeal where no timely objection was made thereto. [Cit.] Upon hearing an imprecise verdict rendered a litigant should not sit silently by, hoping to gain a retrial by failing to object. [Cit.]" *Todhunter v. Price*, 248 Ga. 411, 412-413 (1) (283 SE2d 864) (1981). Accord *Fort &c. Enterprises v. Scrocca*, 195 Ga. App. 554 (3) (394 SE2d 364) (1990); *Harley-Davidson Motor Co. v. Daniel*, 149 Ga. App. 120 (3) (253 SE2d 783) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 11, 1991.

*Daniel T. Donohue*, for appellants.
*Chambers, Mabry McClelland & Brooks, Walter B. McClelland*, for appellees.