A94A0800. H & H SUBS, INC. v. LIM et al.
(444 SE2d 404)

JOHNSON, Judge.

Seung Ho Lim and Helen Lim filed the instant action for fraud against H & H Subs, Inc., and its employee, Michael Hylton, alleging that Hylton intentionally misrepresented the terms of a contract they entered into for the purchase of a restaurant. The case went to trial before a jury, which returned an initial verdict in favor of the Lims, awarding actual damages of $26,620 and finding that punitive damages should also be assessed. After hearing evidence on the issue of punitive damages, the jury interrupted its deliberations to ask the court if it could amend the initial actual damages verdict by apportioning the amount to be paid by each defendant. The court allowed the jury to do this. After further deliberations, the jury returned another verdict, providing that H & H Subs is required to pay all of the actual damages of $26,620 plus $7,500 in punitive damages, and that Hylton must pay $3,500 in punitive damages. The court entered judg-

ment on this verdict. H & H Subs appeals.

1. H & H Subs argues that the jury verdict is illegal in that it exonerates the employee, Hylton, while finding H & H Subs liable, even though H & H Subs' liability as the employer is entirely dependent on the principle of respondeat superior. "Unless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the employer. [Cits.]" *Townsend v. Brantley*, 163 Ga. App. 899, 900 (2) (296 SE2d 186) (1982). Contrary to H & H Subs' argument, the verdict in the instant case does not exonerate Hylton. The jury expressly found that the Lims' actual damages were incurred due to the actions of both H & H Subs and its "*agents* acting on behalf of the corporation." (Emphasis supplied.) Hylton was the only agent of H & H Subs who was a party to this lawsuit. In spite of this express finding that Hylton is liable, the jury did not order him to pay any part of the Lims' actual damages. Moreover, the jury found Hylton liable for punitive damages. The verdict is therefore inconsistent. The verdict is also invalid in that it apportions damages between H & H Subs and Hylton, who the Lims sued jointly and severally. *Walker v. Bishop*, 169 Ga. App. 236, 240 (3) (312 SE2d 349) (1983); *Giles v. Smith*, 80 Ga. App. 540, 542 (1) (d, e) (56 SE2d 860) (1949). Moreover, the verdict improperly assesses punitive damages against Hylton without holding him responsible for actual damages. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992); *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 323 (1) (297 SE2d 292) (1982).

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction. They shall not be avoided unless from necessity. . . . The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them." (Citations and punctuation omitted.) *Rucker v. Camden Tel. &c. Co.*, 181 Ga. App. 504, 505 (353 SE2d 50) (1987). Here, because of the numerous defects in the verdict, there is no reasonable construction that we can give to uphold it. Since the verdict does not exonerate Hylton, but in fact finds him liable, it would be inappropriate to amend the verdict and hold in favor of both defendants. Compare *ESAB Distrib. &c. v. Flamex Indus.*, 243 Ga. 355, 356-357 (1) (254 SE2d 328) (1979); *Duke Trucking Co. v. Giles*, 185 Ga. App. 833, 836 (2) (366 SE2d 216) (1988); *Roswell Road-Perimeter &c. v. Schurke*, 138 Ga. App. 502 (227 SE2d 282) (1976). Instead, a verdict such as this, "that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside. Under our practice, a verdict of a jury which is illegal and void, and cannot be enforced, is a ground for granting a new trial." (Citations and punctuation omitted.) *Eco-Rez v. Citizens Bank*

*of Swainsboro*, 141 Ga. App. 90, 91 (3) (232 SE2d 587) (1977). The entire judgment of the trial court, entered on the void and unenforceable verdict, must be set aside and a new trial ordered as to both H & H Subs and Hylton.

2. Because of our decision in Division 1, the remaining enumerations of error shall not be addressed.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1994.

*McArthur & McArthur, John J. McArthur*, for appellant.
*James W. Bradley*, for appellees.