A98A1832. H & H SUBS, INC. v. LIM et al.
(510 SE2d 578)

ANDREWS, Chief Judge.

H & H Subs, Inc. appeals from a judgment entered after a jury found for the Lims on their fraud claim against H & H and its employee Michael Hylton. Because the jury found the employer liable and did not also find against the employee, we reverse.

This is the third time this case has been before this Court after a jury trial. In all three trials the jury returned a verdict for the Lims. See *H & H Subs v. Lim*, 213 Ga. App. 371 (444 SE2d 404) (1994); *H & H Subs v. Lim*, 223 Ga. App. 656 (478 SE2d 632) (1996).

This case arose when the Lims entered into a contract to buy a Subway franchise from H & H, dealing with Michael Hylton, the Vice-President and General Manager. The Lims signed a draft purchase agreement and later finalized the sale, signing a final contract and giving Hylton a $20,000 down payment.

The Lims later realized that the equipment in the store was leased and therefore was not included in the purchase price. Although the final contract contained the provision " 'Buyer agrees to assume the equipment lease,' " *H & H*, 223 Ga. App. at 657, the Lims claimed this provision was not in the contract when they signed it. Hylton admitted the lease provision was not in the first draft he

presented to the Lims, but contended it was in the final purchase contract. The Lims vacated the store and sued to recover the $20,000 down payment.

In the third trial, the jury found for the Lims against H & H, but not against Hylton, and awarded actual damages of $40,635. The jury did not award any punitive damages. This appeal followed.

H & H argues on appeal that the trial court erred in charging the jury that it could find H & H liable without finding the employee liable and in entering judgment on the contradictory verdict. This issue was addressed, although not directly, in the first appeal. In the first trial, the jury did not find against Hylton on the verdict form, but found "that the Lims' actual damages were incurred due to the actions of both H & H Subs and its agents acting on behalf of the corporation." (Punctuation and emphasis omitted.) *H & H*, 213 Ga. App. at 372. Since Hylton was the only agent of the corporation who was a party to the suit, we held that the verdict did not exonerate Hylton, but rather, expressly found he was liable. Id.

In this case, the verdict form is handwritten and has "H & H Subs, Inc." on one line, "Michael Hylton" on the next and "Both Defendants" on the next. The jury crossed out "Michael Hylton" and "Both Defendants," finding only H & H liable for the damages.

H & H argues on appeal that their liability as an employer was only under the principle of respondeat superior and, therefore, unless additional and independent acts of negligence over and above those alleged against Hylton are alleged against them, a verdict exonerating Hylton also exonerates them. We agree.

After reviewing the transcript and evidence at trial, we find no independent or additional basis for a finding of liability against H & H. There was no evidence at trial that anyone other than Hylton drew up the sale documents or was involved in the transaction. Therefore, as there was no separate basis for holding the master liable, the jury must also return a verdict for the master or the judgment cannot stand. *LDS Social Svcs. Corp. v. Richins*, 191 Ga. App. 695, 699 (382 SE2d 607) (1989).

"The verdict exonerating the individuals is a legal verdict. Only the part of the verdict against the corporations is illegal." *ESAB Distrib. Southeast v. Flamex Indus.*, 243 Ga. 355, 356 (1) (254 SE2d 328) (1979). Accordingly, the trial court erred in entering judgment against H & H Subs on the inconsistent verdict. Id. at 357; *Tucker v. Love*, 200 Ga. App. 408, 410 (408 SE2d 182) (1991). The trial court should have entered judgment in favor of both Hylton and H & H Subs based on the jury's verdict in favor of Hylton. Id.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 15, 1998 —
RECONSIDERATION DENIED JANUARY 11, 1999 —

*McArthur & McArthur, John J. McArthur*, for appellant.
*James W. Bradley*, for appellees.