[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2011
JOHN LEY
CLERK

No. 11-12924
Non-Argument Calendar

_____

D.C. Docket No. 4:08-cv-00192-BAE-GRS

KENNETH PLEASANT,

Plaintiff - Appellant,

versus

NEESMITH TIMBER COMPANY, INC.,

Defendant - Appellee,

BEACH TIMBER COMPANY, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 22, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Pleasant appeals the denial of his motion for a new trial. Fed. R. Civ. P. 50(b). Pleasant complained that he was crossing Highway 341 in Jesup, Georgia, and was injured by the negligence of the driver of a tractor trailer truck owned by the Neesmith Timber Company, but at trial the jury returned a verdict in favor of Neesmith. Pleasant argues that the verdict was inconsistent with the weight of the evidence and was the product of irrelevant and inaccurate jury instructions. We affirm.

We apply two standards of review in this appeal. We review the denial of Pleasant's motion for a new trial "only for an abuse of discretion" and cannot disturb the verdict of the jury unless it is "'against the great—not merely the greater—weight of the evidence.'" Myers v. TooJay's Mgmt. Corp., 640 F.3d 1278, 1287 (11th Cir. 2011) (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)). "We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party" and "look[] at the instructions as a whole 'to determine whether they fairly and adequately addressed the issue and correctly stated the law.'" Palmer v. Bd. of Regents of Univ. Sys. of Ga., 208 F.3d

969, 973, 975 (11th Cir. 2000) (quoting <u>Jennings v. BIC</u>, 181 F.3d 1250, 1259 (11th Cir. 1999)).

Pleasant insists that the great weight of the evidence established that Neesmith was negligent, but we disagree. The evidence established that, between 6:30 a.m. and 6:40 a.m. on February 26, 2007, Pleasant walked, while intoxicated, across Highway 341, where he stepped into the side of a trailer being pulled by a Neesmith truck. Pleasant's emergency room physician, Jerry Mullis Jr., and Neesmith's expert witness, Hollis McCurdy, testified that Pleasant had a blood alcohol level of .12. Pleasant admitted that he crossed the road about "ten or fifteen feet away" from a crosswalk, and Officer Keith Mack testified that there were traffic lights with crosswalks to the north and south of where Pleasant was injured. Both Officer Mack and Officer Steve Ryals testified that the incident was recorded by a surveillance video camera mounted on the outside of a McDonald's restaurant where Pleasant left his coworkers shortly before the incident. The officers testified that the recording depicted Pleasant walking onto the roadway, pausing on the "center line area," and then either leaning forward or stepping into the first bolster of a trailer attached to a white truck. Because the evidence supports the finding of the jury that Neesmith did not act negligently, the district court did not abuse its discretion when it denied Pleasant's motion for a new trial.

3

Pleasant challenges four of the jury instructions, but Pleasant's arguments fail. First, Pleasant challenges as "inapplicable" an instruction about Section 40-6-92(c) of the Georgia Code that requires pedestrians to use a "marked crosswalk" if they are "[b]etween adjacent intersections at which traffic-control signals are in operation," but the instruction was consistent with the evidence. Officer Mack testified that there were marked crosswalks in intersections to the north and south of Pleasant's incident, and Pleasant failed to establish that the location where he crossed the roadway was an intersection that interrupted the adjacent intersections identified by Officer Mack. Second, Pleasant challenges as misleading and inapplicable an instruction about the respective duties of a driver to yield to pedestrians using a crosswalk and of a pedestrian not to enter traffic and make it "impractical for [a] driver . . . to yield" under Section 40-6-91, but the instruction as a whole properly guided the jury in its deliberations. Although the information about the duty of drivers was extraneous, the district court was entitled to instruct the jury about the duty of a pedestrian based on the testimonies of Officers Mack and Ryals about Pleasant stepping into the trailer. Third, Pleasant challenges as an incorrect statement of law an instruction that a "pedestrian cannot claim or prove any negligence on the part of [a] motorist" when "the evidence shows that the pedestrian was" moving "to the side of . . . the moving vehicle" and "there is no

4

evidence . . . that the motorist could have or should have seen the pedestrian," but the jury instruction is consistent with Georgia law. See Tucker v. Love, 408 S.E.2d 182, 183 (Ga. App. 1991); Johnson v. Ellis, 346 S.E.2d 119, 120 (Ga. App. 1986). Pleasant argues that he had the right of way and was in the roadway before the accident, but there is evidence to the contrary. Fourth, Pleasant argues that an instruction about the spoilation of the video recording "required [the jury] to presume" that Pleasant "walk[ed] into the" truck, but the instruction suggested that Neesmith failed to produce evidence to refute Pleasant's claim of negligence. The district court instructed the jury that a rebuttable presumption "arises that [a] charge or claim is well founded" if "a party has evidence that rejects, or disproves, a claim or charge made against the party and he fails to produce it."

We **AFFIRM** the judgment in favor of Neesmith Timber Company.